State *v.* Miller.

———————◆———————

STATE *versus* EDWARD MILLER & *al.*

The provisions of the Act of 1858, authorizing search for, and seizure of,
intoxicating liquors, are not in conflict with the constitution of this State.

When an officer seizes intoxicating liquors upon a warrant, and arrests their
alleged keeper, he must have both before the magistrate who issued the
warrant.

From that time, the proceedings against the person and those against the
liquors are separate and distinct.  There are then, for all purposes, two
distinct cases.  The person accused is tried upon the complaint; upon the
libel is tried the question whether the liquors were intended for unlawful
sale by *any one*.  The judgment in one case does not, in any manner, affect
the judgment in the other.

If the cases are appealed, they should be entered and tried in the appellate.
court as *two* cases.

When a magistrate adjourns a criminal case within his jurisdiction more than
ten days at one time, *at the request of the respondent,* he cannot afterwards
object to it.

A complaint, alleging that intoxicating liquors were in the possession of the
accused, and were intended for unlawful sale in this State, is insufficient.
It must allege that the liquors were intended for unlawful sale *by the accused.*

Where a person files a claim to intoxicating liquors which have been libelled,
he cannot object to defects in the monition and notice.

ON EXCEPTIONS to the rulings of APPLETON, J.,

COMPLAINT to search for and seize intoxicating liquors, .

alleged to have been kept by the respondents at their store in Bangor, and "intended for sale within this State, in violation of law."

The complaint was made to the Judge of the Police Court of Bangor, who issued a warrant, upon which the officer seized certain liquors found in the respondents' store, and arrested them.

The officer made return of his warrant on the ninth day of November, before said Judge, when, upon the motion of the respondents and at their request, he continued the case to the twenty-third day of the same November.

On the day he returned the warrant, the officer libelled the liquors, and the Judge issued his monition returnable the twenty-third day of November.

The notices were posted and the return made on the monition by the libellant.

On the return day of the monition, Edward Miller, one of the respondents, filed his claim for the liquors, in the manner required by the statute.

Thereupon the cases proceeded to trial, and were tried together, and the magistrate convicted the respondents upon the complaint, and declared the liquors forfeited upon the libel. The record of the magistrate shows a joint judgment against the respondents and the liquors, and a separate judgment against the liquors, from both which judgments the record shows that Edward Miller appealed, and recognized to prosecute his appeals in accordance with the provisions of the statute. The magistrate sent up but one recognizance, which was the one taken upon the *joint* judgment.

The appellant entered but one case in the Supreme Court, and it stood upon the docket as, *State* v. *Edward Miller,* and *William K. Miller and certain intoxicating liquors, appellants.*

Before verdict, the counsel for Miller moved " that the complaint and warrant be quashed and the case dismissed," because : —

1. The magistrate continued the case from the ninth day of November to the twenty-third.

2. Because the record did not show that the notice required by law had been given on the libel.

This motion was overruled by the presiding Judge.

The case was thereupon tried; the jury returned a verdict of guilty against the respondents, and found that the liquors were intended for sale in this State in violation of law.

The respondents requested the presiding Judge to instruct the jury that the statute under which the proceedings had taken place was unconstitutional; which instruction was refused.

The respondents also filed a motion in arrest of judgment, which was overruled, and, thereupon, they excepted to the refusal of the presiding Judge to dismiss the case, to give the requested instruction and to arrest the judgment.

The reasons for arrest of judgment were set out in the motion as follows:—

1. [The same as in the motion to dismiss.]

2. That the libel and monition contained no certain, specific and sufficient description of the articles seized, such as the law contemplates; in consequence whereof, said Court could have no jurisdiction of said liquors.

3. That a copy of the said libel and monition were not posted or caused to be posted up by said magistrate in two public and conspicuous places in said Bangor.

4. That said Court, appealed from, gave no separate and distinct judgment as to the liquors seized, as the law requires.

5. Because said complaint does not allege that said liquors "were, and still are, unlawfully kept" by said respondents.

6. Nor that said liquors were intended for unlawful sale; as by the statute, and the form of complaint and warrant therefor prescribed, is required.

7. Because said complaint and warrant no where allege that said liquors were kept or deposited for unlawful sale, by said Miller, nor any phraseology equivalent thereto.

*Blake & Garnsey,* for respondents.

I. A magistrate cannot adjourn a criminal case more than ten days at one time. R. S., c. 137, § 8.

The Court, therefore, lost jurisdiction in this case, unless the Act of 1858 repeals the statute cited above, or the consent of parties gave it to him.

1. The Act of 1858 does not profess to repeal the provision relied upon, and has nothing inconsistent with it. The provision for at least ten days notice on the libel does not affect the question, because proceedings on the libel have nothing to do with the complaint.

2. Consent of parties cannot give a magistrate jurisdiction. Gould's Plead., 231; 1 Chitty's Plead., 478; 3 Chitty's Prac. 524.

3. Nor does the fact, that the Court may have had jurisdiction over the liquors, give him jurisdiction to render a joint judgment against the liquors and the person.

II. No legal notice was given on the libel. The copies posted were attested by the *libellant.* The statute requires them to be attested by the *magistrate.* The *magistrate* shall cite parties to appear " by causing a *true* and *attested* copy, &c. to be posted." Sec. 13.

III. That portion of the " Act for the suppression of drinking houses and tippling shops," approved March 25, 1858, on which the proceedings on this complaint are founded, is unconstitutional, because —

1st. The authority of the officer to seize, is not limited by his warrant to liquors described by quality, quantity, marks or any other description whatever, in direct violation of § 5th of the declaration of rights, providing against unreasonable searches and seizures. *Fisher* v. *McGirr,* 1 Gray, 29.

2d. The execution of the law is left wholly at the discretion, and dependent upon the judgment, of the officer having the precept; i. e., he is to determine whether the liquors are unlawfully kept, before he seizes them, and then it is discretionary to what extent he will seize. Ibid.

3d. Such judgment is a prerequisite to the jurisdiction of the magistrate issuing the warrant, both as to the person and the property seized. Ibid., p. 30.

4th. It confers on justices of the peace unusual power and jurisdiction over an unlimited amount of property. Ibid., 33.

5th. On the *ex parte* statement of three persons, under oath, the legal presumption of innocence is taken away, and, without further proof or trial, the accused may be punished by a forfeiture of their property.

6th. An excessive restriction is imposed upon the right of appeal, by requiring the oath of the defendant, if claimant for liquors, before an appeal can be taken.

7th. By section 14, a defendant, who claims property in the liquors seized, is exposed to a second prosecution for the same offence. Laws of 1858, c. 33, § 19.

8th. Because it is in violation of the spirit of § 19, art. 1, of the constitution of Maine, and against public policy.

IV. Every word in the complaint may be true, and yet the respondents be innocent of any crime.

It is not alleged that they intended to sell these liquors, in violation of law.

It is true, the form prescribed admits this allegation. But the Legislature cannot thus override art. 1, § 6, of bill of rights, and declare that a man may be tried for an offence and not know the nature of it; be tried on a charge, *the whole truth of which is admitted,* and which is no offence, and *be punished for a crime!*

*N. D. Appleton, Attorney General,* for the State.

The opinion of the Court was drawn up by

DAVIS, J.— This case comes before us upon exceptions, and a motion in arrest of judgment. The defendants were arrested upon a warrant, issued on a complaint charging them with having in their possession intoxicating liquors, intended for sale in this State, in violation of law. A quantity of intoxicating liquors, found in their possession, was seized upon the same warrant.

The constitutionality of the statute, authorizing the search for and seizure of liquors, has been elaborately argued by

State *v.* Miller.

counsel; and the case of *Fisher* v. *McGirr*, 1 Gray, 29, is relied upon in the defence. Without commenting upon that case, or expressing any opinion in regard to former statutes in this State, in which there was no provision for libelling liquors after seizure, it is sufficient for us to say, that we believe the provisions of the existing statute, authorizing the seizure of intoxicating liquors, upon warrants duly issued therefor, are not in conflict with the constitution of this State. Such processes have so frequently been before us, on appeal, and have been sustained, unless defective, that it is unnecessary for us to state at length the reasons for this opinion.

When an officer seizes intoxicating liquors, upon a warrant issued therefor, he is required also to arrest the person in whose custody they are alleged in the complaint to be, and to have both the person and the liquors before the magistrate who issued the warrant. At this point the proceedings are divided, and constitute, thenceforth, two distinct cases. *The person* is put on trial for having had such liquors in his possession, with intent to sell the same in this State, in violation of law. Laws of 1858, c. 33, § 12. And *the liquors* are libelled, as intended for illegal sale, whether by one person or another, it is immaterial. So that the acquittal of the *person* does not entitle him to a restoration of the *liquors;* nor does a condemnation of the *liquors* necessarily result in a conviction of the *person.* The two cases are entirely separate.

A stranger to the original process may claim the liquors under the libel. But, if it is otherwise, and the person arrested becomes the claimant under the libel, the matter is entirely distinct from the hearing upon the complaint. The hearing may be at the same time, for convenience; but there must be a separate decree and judgment in each. And either one may be appealed without the other.

If the person arrested claims the liquors under the libel, and the magistrate decides against him upon the complaint, and also upon the libel, and he appeals from both decisions, they constitute two independent cases in this Court, in which different verdicts would be rendered. *Upon the complaint,*

the jury would find the personal guilt or innocence of the appellant, upon the plea of "not guilty." *Upon the libel,* they would find whether the *liquors* were intended *by any person* for unlawful sale, and if not, whether the claimant had the right to the custody of any part of them.

In the case at bar, the proceedings before the magistrate appear to have been in conformity with the provisions of the statute. The hearing upon the complaint was continued more than ten days at one time; but it was done at the request of the defendants. And though jurisdiction cannot be conferred upon an inferior court by consent,— where such Court has jurisdiction of the case and of the parties, if they request a continuance beyond the time authorized by the statute, it is not for them afterwards to object to it.

The hearing before the magistrate upon the complaint, and upon the libel, was on the same day. The liquors were claimed by Edward Miller, one of the defendants; and the decision being adverse to him, he appealed. And both of the defendants being convicted upon the complaint, they appealed from that judgment also. They entered into but one recognizance for both cases; but the validity of that is not material to the question now presented. In this Court there was but one trial, which we must regard as having been upon the *complaint alone.* This is shown by the report, and by the verdict. And the first question presented, is, whether the judgment against the defendants should be arrested, on account of defects in the complaint.

It is alleged in the complaint that the liquors were in the possession of the defendants, and were intended for unlawful sale. But it is not alleged that the liquors were intended *by them* for sale in violation of law. The complaint charges nothing against *the defendants* except *the possession* of the liquors. The allegations may all be true, therefore, and the defendants be entirely innocent. For this reason the judgment must be arrested. See opinion by KENT, J., in *State* v. *Learned,* 47 Maine, 426.

In regard to the libel, some objections are taken to the

State *v.* Miller.

monition and notice. We are not satisfied that the objections are valid; but if they are, it is immaterial, for Edward Miller appeared, and filed his claim for the liquors. This claim cannot be aided by a defective notice. The decision was against him, and he appealed. Did he enter his appeal in this Court? We have some doubt whether it was entered. But his counsel seem to understand that one entry was sufficient for both cases. We would not sanction or encourage such a practice. But, as both parties have assumed that the case was properly in Court, we will so consider it. So far as the libel is concerned, it has not been tried, and must, therefore, still be considered as on the docket at *Nisi Prius.*

*Judgment upon complaint arrested.*
*Case to stand for trial upon the libel.*

TENNEY, C. J., APPLETON, CUTTING, MAY and KENT, JJ., concurred.