STATE *v.* INTOXICATING LIQUORS; WILLIAM POW-
DERLY, CLAIMANT.

*Criminal Law.    Intoxicating Liquor.    Act of* 1882, *No.* 43;
R. L. s. 3819.

1. In a case of condemnation of liquor all that is required of the State is to make a
prima facie case; hence, when there is no evidence in defence, and there is ad-
missible testimony tending to prove that the liquor was intended for an illega'
sale, the adjudication of forfeiture by the court below is not reviewable.
2. COMPLAINT—CONSTITUTIONAL LAW.  Under the Act of 1882, No. 43, which pro-
vides for the seizure of intoxicating liquor without a warrant, it is immaterial
whether the complaint is made before or after the seizure; and said act is con-
stitutional.

PROCEEDINGS to procure the condemnation and forfeiture
of three barrels of ale, seized by the sheriff of Chittenden
County, without warrant, on the 8th day of October, 1885,
under the provisions of the Act of 1882, No. 43.   Heard in
the city court for the city of Burlington, October 12, 1885.
The court adjudged the ale forfeited.   There were two
cases, but similar as to facts.   The seizure was made in
both cases on the 8th day of October, 1885, and the complaint
and warrant were both made on the next day,—the 9th.
Complaint:  "To the city court of the city of Burlington,
in the county aforesaid, comes S. Huntington, a legal voter
in the city of Burlington, and complains that he has reason
to believe, and does believe, that intoxicating liquor was by
William Powderly, or some unknown person, kept or depos-
ited in a wagon on College street in said Burlington, and
the same was seized by Joseph Barton, sheriff, on the 8th
day of October, 1885, without a warrant, and is now held by
said Barton; and said liquor was by said William Powderly,
or some unknown person, then and there in the city of Bur-
lington aforesaid, intended for sale, furnishing, gift, or dis-
tribution, contrary to the form of the statute in such case

State v. Intoxicating Liquors.

made and provided, and against the peace and dignity of the State; and he therefore prays that a warrant of search may issue in the premises.

"Dated at Burlington, this 9th day of October, A. D. 1885."       (Signed)

Warrant issued by the city judge:

" Whereas, complaint has been made to me upon oath, as above written, therefore, by the authority of the State of Vermont, you are hereby commanded forthwith to seize and hold the intoxicating liquor found in a wagon on College street in said Burlington, by Joseph Barton as above set forth, and you are hereby commanded to convey the same to some proper place of security and the same keep until final action is had thereon, and to summon the owner or keeper of said liquor (if he shall be known to you) to appear before me at the city court room,"   *   *   *   " forthwith, and show cause, if any he may have, why the said liquor should not be adjudged forfeited and be dealt with according to the statute in such case made and provided; and for so doing this shall be your sufficient warrant. Hereof fail not, but of this complaint and warrant, with your doings thereon, make due return according to law."

Sheriff's return:

" I then without a warrant seized upon the premises within described three barrels of ale or beer under circumstances warranting the belief that the same was intended for sale, furnishing, gift, or distribution, contrary to the provisions of the law in such case made and provided, and now have the same in keeping, to await final action thereon, and I forthwith procured this warrant and I summoned William Powderly, in the county of Chittenden, the owner or keeper of said intoxicating liquor, to appear forthwith before the city court who issued this warrant,"   *   *   *   " to show cause, if any he have, why said liquor should not be adjudged forfeited, and proceeded against according to law."

*A. G. Safford*, for the complainant.

The constitutionality of this section, in its original state, was before the court in the cases of *State* v. *Prescott*, 27 Vt. 194, and *Lincoln* v. *Smith*, 27 Vt. 328.

The court were divided in their opinion as to the question.

Judges BENNETT and ISHAM held it to be constitutional; Judge REDFIELD dissented. After these causes were commenced and before the opinion was announced the legislature in 1853 repealed the objectionable feature and did away with the presumption of guilt arising from the officer's return.

In all the cases decided upon this subject since that term this doctrine of presumptive innocence, and the right of property in intoxicating liquors, has been steadfastly maintained. *Harrison* v. *Nichols,* 31 Vt. 709; *Howe et al.* v. *Stewart,* 40 Vt. 145.

And it is the settled law of this State as well as of those other jurisdictions where prohibitory laws prevail, that intoxicating liquor is property and that it only becomes forfeited to the State on account of the illegal intention of the owner and *not until that intention* is proven by satisfactory evidence. 33 N. H. 465; 1 Gray, 33; 33 Me. 558; 1 Bish. Cr. L. 834; *State* v. *Roach,* 74 Me. 562.

*C. W. Brownell, Jr.,* State's attorney for the State.

The evidence in the case, as set forth in the exceptions, warranted the court in forfeiting the liquor in question. *Lincoln* v. *Smith,* 27 Vt. 328, 354.

The warrant follows the complaint and is sufficient. *State* v. *McCann,* 59 Me. 383.

The statute, by virtue of which the seizure was made, is constitutional. *In re Powers,* 25 Vt. 161; *Lincoln* v. *Smith,* 27 Vt. 328; *State* v. *Intox. Liquor,* 55 Vt. 82; *State* v. *McCann,* 59 Me. 383; *Jones* v. *Root,* 6 Gray, 435; *Mason* v. *Lathrop,* 7 Gray, 355.

The opinion of the court was delivered by

ROYCE, Ch. J. The claimant of the seven casks of beer in controversy in these two cases relies, in his bill of exceptions, upon three distinct grounds of defence; (1) the alleged unconstitutionality of the Act of 1882 under which

the seizure was made; (2) the alleged irregularity of the proceedings under the act, assuming it to be constitutional; (3) the alleged insufficiency of the evidence upon which the beer was adjudged forfeited by the city court. We will consider these points in the reverse order to that in which they are above stated.

The evidence, as it appears upon the record, consisted of the complaint, warrant, officer's return, and the testimony of the officer himself by whom the seizure was made. No testimony was offered on the part of the claimant. Upon this evidence the beer was condemned. Sec. 3819 R. L., under which such condemnation passed, provides in substance that it must be shown " by satisfactory evidence " that the liquor is intended for sale or distribution contrary to law. What evidence shall be satisfactory the statute does not attempt to define. There is no provision in chap. 169 R. L., nor do we know of any rule of evidence, repugnant to the idea, that such proof as was here offered may alone constitute such satisfactory evidence. No question is made as to the admissibility of this evidence, but only as to its sufficiency. The evidence being admissible must necessarily have a tendency to prove the fact. The mind of the trier must be convinced by it that the fact existed; and whether the evidence adduced was of such convincing character as to authorize an adjudication of forfeiture, under the statute, was purely a question of fact for the lower court to decide, and its decision upon that point is not reviewable here. The effect of this section is simply to throw upon the State the burden of making out a *prima facie* case, and it is in amendment and alteration of the previously existing law upon the subject, the statute of 1852, which somewhat harshly dispensed with this requirement, and for that reason called forth the condemnation of Judge REDFIELD in his dissenting opinion in *State* v. *Prescott,* 27 Vt. 194. The evidence here was clearly sufficient to make out a *prima facie* case, and thus throw the burden of disproof upon the claim-

ant. *Lincoln* v. *Smith,* 27 Vt. 328. See also *Am. Fur Co.* v. *U. S.* 2 Pet. 358.

The claimant excepts, secondly, on the ground of the alleged irregularity of the proceedings. The complaint, warrant, and return are, however, all in the precise form prescribed by law, and the only exception that can be taken in this regard, and the only one that is insisted upon is founded upon the fact that the complaint was made subsequent to the seizure. Here it becomes necessary to consider the act under which the seizure was made (Acts of 1882, No. 43), and to inquire into its effect upon the previously existing law. It will be seen on examination that this act operated to alter and amend sec. 3818 R. L. in two particulars: (1) it provided that complaint made under oath or affirmation by one voter in a town should be sufficient to require the issuing of a warrant, whereas before three were necessary; (2) it authorized the seizure of liquor previous to the issuing of a warrant. No mention is made of the complaint with reference to the seizure, whether it must be made before, or may be made after; and it is sufficient upon this point to say that the complaint bears no time-relation to the seizure, under the statute as thus amended. It is simply the pre-requisite condition to the issuing of the warrant. So long as the warrant was required to issue before seizure could be made, then of course the complaint must, of necessity, be made before seizure; but if the warrant may issue (as provided by the Act of 1882) *after* seizure, then it becomes quite immaterial whether the complaint be made before or after the seizure.

This brings us to the third question, *i. e.,* whether or not the second section of No. 43 of the Acts of 1882 is constitutional. That has been decided in the affirmative by this court in the cases of *State* v. *O'Neil* and *State* v. *Intox. Liq., ante,* 140, and we think nothing need be added to the views there expressed.

The judgments are affirmed.