## BYRAM V. POLK COUNTY

1. **Intoxicating Liquors:** SEARCH-WARRANT: NO LIQUORS FOUND: WHO PAYS COSTS. Under section 3807 of the Code, a peace-officer who serves any warrant for the seizure of intoxicating liquors is entitled to a fee of one dollar, and when no liquors are found, the county is liable for such fee, under section 1546 of the Code.

2. **Appeal:** WAIVER: ACTION ON ACCOUNT: ACCEPTANCE OF ITEMS ALLOWED BELOW. Where judgment is rendered in the trial court for several items of an account, but refused as to others, and an appeal is taken from that part of the judgment relating to the items not allowed, such appeal is not waived by accepting the amount of the judgment for the items allowed.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, OCTOBER 27, 1888.

PLAINTIFF is a constable, and he brought this action against Polk county to recover fees for serving certain warrants of search and seizure issued by justices of the peace, under the statute for the suppression of intemperance. The district court ruled that the county was liable for one item of the claim, and was not liable for the other items, but the judge signed a certificate to the effect that the cause involves the determination of a question of law, upon which it is desirable to have the opinion of the supreme court, the amount in controversy being less than one hundred dollars.

*Seth Morgan,* for appellant.

*W. W. Phillips* and *C. H. Sweeney,* for appellee.

REED, J.—The question certified is whether "a peace-officer, who serves a search-warrant duly and

1. INTOXICATING
liquors :
search war-
rant : no li-
quors found :
who pays
costs.

lawfully issued under section 1544 of the Code of Iowa, is entitled to receive pay from the county for serving said search-warrant when he fails to find any intoxicating liquors by said search.'' The proceedings upon which a search-warrant of the character contemplated by the question may be issued, the mandate of the writ, the duties of the peace-officer to whom it is delivered for service, and the proceedings after seizure by which the property may be condemned or restored to the owner, are prescribed by sections 1544–1546 of the Code. The warrant can issue only after information under oath is filed with the justice, alleging that the informant has reason to believe that intoxicating liquors are kept by the person named, at a designated place, which is required to be described as particularly as may be, with intent to sell the same contrary to law. The liquors are also required to be described as particularly as may be. Upon finding probable cause therefor, the justice is required to issue his warrant, directed to any peace-officer, commanding him to search the premises described, and seize any intoxicating liquors which he may find in the designated place. It is made the duty of the officer who receives the warrant to immediately serve it, by searching the place described, and seizing any intoxicating liquors therein, and make return of his doings. If liquors are seized under the warrant it is the duty of the justice to fix a day for the hearing, of which notice is required to be given to the person named in the information as the owner, or by posting at the place where the seizure was made ; and on the day thus designated any person claiming to be the owner of the property seized or any portion of it, may appear and be made defendant in the proceeding, and assert his right to it. But, whether such appearance is made or not, a trial is to be had, in which the question to be determined is as to the intent or purpose for which such liquors were kept, and judgment of condemnation or for the return of the property is entered in accordance with the finding on that question. Section 1546

contains the following provision : "If no person be made defendant in manner aforesaid, or if judgment be in favor of the defendants who appeared and are made such, then the costs of the procee ding- shall be paid as in ordinary criminal prosecutions when the prosecution fails." By another section it is provided that "a constable or other peace-officer, who serves any warrant for the seizure of intoxicating liquors, shall be allowed for such service one dollar. * * * " Code, sec. 3807. The question certified is dependent on the effect to be given to these provisions. By searching the described place, even though such search is fruitless, the officer serves the writ, for that is one of the acts which by the mandate of the warrant he is commanded to perform, and he is as certainly required to make a return of his doings in that case as he is when a seizure is effected. For doing that, then, he is entitled, under section 3807, to be allowed one dollar. But that section contains no provision making any person liable for the fees which are allowed under it. And upon a casual reading of the provision quoted from section 1546 it would appear that the intention was to make the costs of the proceeding payable as in ordinary criminal prosecutions when the prosecution fails ( that is, by the county ) only in cases where no defendants appeared, and judgment of condemnation was entered, or the judgment was in favor of the defendant. The provision clearly covers both those classes of cases, but the construction of the language which would confine its operation to them would be narrow, and such construction would defeat the manifest intention of the general assembly, as expressed in section 3807. The provisions are in *pari materia*, and must be construed together, and, when thus considered, it is clear, we think, that the intention was that the fees allowed the constable, by section 3807, for serving the warrant should be paid by the county in all cases in which for any reason the prosecution fails. Any other construction would lead to the absurd result that the legislature had provided that the officer shall render

Schooley v. The Globe Ins. Co.

the services, and has fixed the amount of his compensation therefor, but has made no provision that any person shall pay the same, for, if the county is not liable, no one is. There is nothing either in the nature of the case or the language of the provision which requires us to adopt that conclusion. The question certified should therefore be answered in the affirmative.

After the appeal was perfected plaintiff accepted the amount awarded him by the judgment, and appellee
2. APPEAL: moved to dismiss the appeal for that reason.
waiver: action
on account: That motion will be overruled. The contro-
acceptance of versy between the parties was as to the items
items allowed
below. of the claim, which the court disallowed, and the question on which the opinion of this court was requested related solely to them. The certificate of the trial judge is the basis of the appeal, and jurisdiction of the case was acquired by this court through it. As the items which were allowed were in no manner involved in the appeal, the acceptance of the amount was not a waiver of the appeal. The judgment will be

REVERSED.