GARRETT v. POLK COUNTY.

1.   Appeal: FROM JUDGMENT ON ACCOUNT: MOTION TO DISMISS BECAUSE PETITION NOT VERIFIED.   Plaintiff was a justice of the peace, and he brought this action to recover numerous items of fees.   The cause was submitted to the court upon his petition and amendment thereto, without further evidence, and judgment rendered for plaintiff for a part only of the items claimed, and he appeals. Defendant, while not appealing, files in this court an abstract, claiming that the petition and amendment were not verified, as provided by chapter 36, Laws of 1876, and that the court, therefore, had no evidence to justify a judgment for any amount, and also that the action was not on an open account, and on these grounds moved to dismiss the appeal.   But the petition was duly verified, except that plaintiff's signature had been erased, and, by his affidavit filed in this court, he states that it was not erased by him or by his authority; and, as to the amendment, no additional items of charge were made thereby.   *Held* that, since defendant appeared in the court below, and made no objection to the judgment on a part of the account, it could not have the appeal dismissed on the grounds stated.

2.   Justices of the Peace: FEES IN LIQUOR CASES: NO LIQUORS FOUND.   Where warrants are issued for the seizure of intoxicating liquors, and no liquors are found, the justice issuing the warrants is entitled to his fees, and he may recover the same of the county. (Compare *Byram v. Polk County*, 76 Iowa, 75.)

*Appeal from Polk District Court.* — HON. W. F. CONRAD, Judge.

FILED, JUNE 4, 1889.

THE plaintiff is a justice of the peace in Polk county. He brought this action to recover of the county certain fees in criminal cases. The amount claimed in the petition was $827.75. The defendant filed no answer to the petition, but appeared and filed a motion to require the plaintiff to state the items of his account for fees more specifically. Afterwards this motion was withdrawn for the purpose of permitting the plaintiff to file an amendment to his petition, classifying the fees referred to, so that the cause could be submitted upon questions of law alone. The amendment was made, and the cause was submitted to the court upon the record thus made, without further evidence. The court allowed said fees, amounting to three hundred and twenty-five dollars. The plaintiff appeals because other items of his account were not allowed.

*Baker & Haskins,* for appellant.

*J. K. Macomber,* for appellee.

ROTHROCK, J.—I. The defendant took no exception to the judgment, and does not appeal. It appears, however, and files an abstract in which it is claimed that neither the petition nor the amendment thereto was verified. Based upon this abstract the defendant filed a motion to strike appellant's abstract, and dismiss the appeal. The grounds of the motion are that the record shows that the petition was not verified, and that the court did not, therefore, err in not rendering judgment for the plaintiff for a greater amount, because there was no evidence of the justness of the account; and that, even if the petition had been verified, no judgment could have been rendered for the plaintiff, because the action was not founded on an account. Counsel for appellee relies upon chapter 36 of the Laws of 1876, which is as follows: " In all actions for money due upon an open account, when the defendant has been personally served with the original notice therein,

and the petition is duly verified, and where a bill of particulars of said account is incorporated into or attached to the petition, if the defendant makes default or fails to controvert or deny the same, or any of the items thereof, by pleading duly verified, the account, or so much thereof as is not so controverted or denied, shall be taken as true and admitted." Upon looking into the record it appears that the original petition had an affidavit attached thereto, and the proper certificate, signature and seal of a notary public, in which it appears that plaintiff was duly sworn. The affidavit was signed by the plaintiff, but the signature was erased. The plaintiff made an affidavit in resistance of the motion to dismiss the appeal, in which he stated that he signed the affidavit, and that he had no knowledge of any erasure. It is true that records made in the court below cannot be amended nor corrected by affidavits filed in this court; but, in view of the fact that the defendant appeared in the action in the court below, and made no objection to a judgment upon part of the account, and of the further facts recited in appellant's abstract, which are not denied, we think it must be held that the case was submitted to the court below with the understanding that the petition was properly verified; and, for the same reasons, it must be held that the parties regarded the action as being based upon an open account; and the objection that the amendment to the petition was not verified cannot now be raised by appellee for the same reasons, and also because, by the amendment, no additional items of charge were made.

II.   It is unnecessary to enter upon a discussion of merits of the case. The items of account in dispute, and upon which the appeal is based, arose 2. JUSTICES of the peace: fees in liquor cases: no liquors found. in cases against intoxicating liquors, where warrants were issued and served, and no liquors found. The precise question was determined in the case of *Byram v. Polk County*, 76 Iowa, 75, where it was held that in such cases the county is liable for the fees. Following that case, the judgment of the court in refusing to allow the fees in dispute must be                                        REVERSED.