## NICHOLS & LABOUR v. POLK COUNTY.

Intoxicating Liquors: PROSECUTIONS BY PEACE-OFFICERS BEFORE
MAGISTRATES: SELECTION AND PAYMENT OF ATTORNEYS. Where a
peace-officer, in the performance of his duty under section 1551 of
the Code, files an information before a magistrate for a violation
of the statutes for the suppression of intemperance, whether it be
for the unlawful selling of intoxicating liquors, the keeping with
intent to sell, or for seizure by warrant, he is entitled to select an
attorney to conduct the prosecution, and the attorney so selected
in any such case is entitled to compensation in the sum of five dol-
lars, to be paid by the county, under section 3829 of the Code.
Although that section in words provides for such compensation
only in prosecutions for "selling," *held* that, in view of the history
of the legislation and of the body of the laws on the subject, the
legislature intended the compensation provided in said section to
apply to all cases in which peace-officers have authority to select
attorneys under section 1551.

*Appeal from Polk District Court.*—HON. JOSIAH
GIVEN, Judge.

FILED, JUNE 5, 1889.

ACTION for attorney's fees under the provisions of
the Code for the suppression of intemperance. Judg-
ment for the plaintiffs, and the defendant appeals.

*Baylies & Baylies*, for appellant.

*Seth Morgan* and *Nichols & Labour*, for appellees.

GRANGER, J.—The amount in controversy being
less than one hundred dollars, the district court has
certified the following questions for our determination:
"*First.* Where an information, based upon the stat-
utes of Iowa, is filed by a constable before a justice of
the peace for a warrant for the search of premises, par-
ticularly described, for and seizure of intoxicating liq-
uors kept for illegal sale by parties named in such
information, and an attorney, after the liquors have

been seized under the warrant, is selected by such constable for that purpose, and appears and prosecutes such action, is such attorney entitled to receive from the county treasury five dollars for such service, under section 3829 of the Code of Iowa? *Second.* Where an information is filed by a constable before a justice of the peace, charging a defendant named therein with owning and keeping intoxicating liquors with intent to sell the same in violation of law, and the constable filing such information, upon his own motion, and without notice to the county attorney to prosecute such action, selects an attorney to appear and prosecute, and such attorney does so appear and prosecute, is he entitled to receive from the county treasury five dollars for such service, under section 3829 of the Code of Iowa? *Third.* Has an attorney, appointed by a peace-officer to appear and prosecute an action wherein such peace-officer has filed the information, a right to recover from the county where such action is prosecuted the fees prescribed in section 3829 of the Code, in any case other than a prosecution for the sale of intoxicating liquors?"

It will be observed that the first question has reference to a case in which a warrant is sued out for the seizure of liquors, and the second to a case where the information charges the owning and keeping of liquors with intent to sell the same in violation of law. Both of the actions referred to are based on the provisions of chapter 6, title 11, Code, it being the chapter providing for the suppression of intemperance. The chapter also provides for complaint by information against persons selling such liquors in violation of law.

I. In the case of *Work v. Wapello County*, 73 Iowa, 357, this court had under consideration a question certified in these words: "Has a peace-officer who has made an information for a violation of chapter 6, title 11, Code, before a magistrate, the right since January 1, 1887, to select an attorney other than the county attorney, and, without notice to such attorney, to appear for the state upon the trial at the expense of the county?" The holding in that case is an affirmative answer to the

question. If the scope of the decision in that case is to be limited by the question certified, it is certainly broad enough to cover the entire range of the questions in this case, as the proceedings involved in the inquiry here arose under chapter 6 of title 11, and, looking to the question in that case, it will be seen that the county is held liable in a proceeding on "information for a violation of chapter 6," and the offenses referred to in this case are all violations of that chapter. But, if it shall be said that the question should be taken only as applicable to the facts of the case out of which it arose, we then look to the case, and we find that it contradicts the assumption in argument that it was a case on information for the sale of liquors, as the statement of facts expressly shows that it was an information charging the "keeping intoxicating liquors for unlawful sale." Hence the decision in that case is conclusive of the point involved in the second question in this case, if it is to be adhered to.

II. That opinion meets with an inferential criticism in argument, but it would seem that a reference to the statute would give it conclusive support. The point urged in argument is that the language of the statute has only reference to the payment of such fees by the county in cases of information for selling, and not for other offenses designated. The following are the material provisions of section 1551: "All peace-officers shall see that the provisions of this chapter are faithfully executed, and when informed that the law has been violated, * * * and that proof of the fact can be had, such officers shall go before a magistrate, and make information of the same, and of the person so violating the law. Upon the filing of such information before a magistrate, he shall institute a suit, and proceed to the arrest and trial thereof according to law. Upon trials before a magistrate, it shall be the duty of the district attorney to appear for the state, unless the person filing such information shall select some other attorney." It is quite important here to settle the point as to what class of cases may be prosecuted by "some other attorney." It

is doubtless the duty of the peace-officer to institute any of the proceedings necessary to a faithful execution of the provisions of the chapter, whether it be for selling, keeping with intent to sell, or seizure by warrant, and it is doubtless the duty of the county attorney to appear in such cases for the state, unless in some manner excused. The section does not provide that the county attorney shall appear in cases of information for selling, but "upon trials before a magistrate;" and it was evidently intended that he should appear in all cases in which peace-officers, in the execution of the law, should institute proceedings involving trials, with the exceptions stated. Now, the same sentence that provides for the appearance of the county attorney for the state contains the modifying clause, "unless the person filing the information selects some other attorney." We therefore hold that in any of the cases specified, where a peace-officer files an information before a magistrate, he may select an attorney other than the county attorney to appear for the state.

III. The remaining question is as to the compensation of such attorney. If the statute provides no compensation, it must follow that he is entitled to a reasonable compensation. Code, section 3829, is a part of a chapter devoted to compensation of officers and others, and after designating amount of fees for attorneys in other cases: "Any attorney selected by a peace-officer for appearing and prosecuting before a justice of the peace a prosecution for selling intoxicating liquors, five dollars." Now, it is manifest that it was not the purpose of the section to provide for the appearance of attorneys in such cases, but to provide for compensation for such appearance, when made in pursuance of other provisions of the law. Sections 1551 and 3829 are upon the same subject, and must be construed together. If section 3839 is to receive a literal construction, and be held as only applicable to cases of selling, then, as to other cases, attorneys appearing at the instance of peace-officers may recover reasonable compensation, and it is a matter of state history that the fees allowed under

a rule of reasonable compensation led to our present restrictive legislation. There is no reason for defining the fee in one case and not in the others. Viewing the question in the light of that public history of which we may take notice, and of the body of the laws on the subject, we do not believe the legislature ever intended to make the distinction claimed for the word "selling," as used in section 3829, but intended it to apply generally to cases in which peace-officers have authority to select attorneys under section 1551. The urgent claim of appellant as to the results of the present law in Polk county, by scheming against the public for fees, has led us to give the case this extended notice. If the claim is well founded, the remedy is by legislation. In fact, we think that any adverse ruling as to section 3829 would open a much wider door for mischief. We return an affirmative answer to all the questions submitted, and the judgment is                      AFFIRMED.