THE STATE OF KANSAS v. C. McMANUS, W. W. ROBBINS, AND HENRY SCHNITZLER.

No. 13,243. (70 Pac. 700.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Proceedings to Condemn and Destroy Liquors and Paraphernalia.* Where intoxicating liquors or other property kept and used in maintaining a place where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of law, are seized under a warrant issued against the keeper of such place upon an indictment, information, or complaint, proceedings to condemn and destroy such property may be had before the trial or conviction of the person so charged.

2. ——— *Act of 1901 Held Constitutional.* Chapter 232, Laws of 1901 (Gen. Stat. 1901, §§ 2493–2500), which declares "all places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of the law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place," to be common nuisances, is constitutional, and the provisions therein for condemning and publicly destroying such property are ample and fully protect the owner in his property rights, and are also constitutional.

Error from Kingman district court; P. B. GILLETT, judge. Opinion filed November 8, 1902. Affirmed.

*W. M. Wallace,* for The State.

*C. W. Fairchild,* for plaintiffs in error W. W. Robbins and Henry Schnitzler.

The opinion of the court was delivered by

GREENE, J. : McManus was informed against for selling intoxicating liquors and for keeping a place where such liquors were kept for sale and sold, and

where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage. A warrant was issued for his arrest, which authorized the officer to whom it was directed and delivered to seize and take into his possession "all intoxicating liquors, glasses, bottles, kegs, pumps, bars and other property used and kept in maintaining said place." Notice was issued by the clerk of the district court, directed to the sheriff of Kingman county, commanding him to notify the defendants, and all persons claiming an interest in the intoxicating liquors and other property seized, of the proceedings against it, and that such persons appear, on or before the 10th day of July, 1901, in the district court-room of said county, to show cause why the property so seized should not be publicly destroyed. This notice was served by the sheriff on C. McManus and A. I. Grimes, by delivering to each a copy, and also by posting a copy in the building described in the information.

On the 12th day of July, McManus, W. W. Robbins and Henry Schnitzler jointly and specially appeared in the cause and filed their motion to quash and set aside the pretended notice. This motion was overruled by the court, to which the defendant and interpleaders excepted. On the same day the defendant, McManus, filed a disclaimer, and Robbins and Schnitzler interpleaded, alleging : (1) A general denial ; (2) that the information and notice did not state facts sufficient to constitute a cause of action or a public offense ; (3) a denial that the property so seized was used in violation of law, and alleging that they were the owners thereof. Upon the issues thus joined a trial was had. The defendants demurred to the evidence of the state, which was overruled, and defendants not offering any evidence, the court found that

46—65 KAN.

the property seized was, at the time of its seizure, being used in maintaining a common nuisance upon the premises described in the information ; that the place where the intoxicating liquors were being sold was kept and maintained by C. McManus, and that such property should be forfeited and publicly destroyed, and rendered judgment accordingly. To this judgment each of the defendants excepted.

The first objection urged by plaintiff in error is that the court erred in not quashing the information and notice. No defects are pointed out in the information, and we think it sufficient. The notice served on McManus was just such notice as is required by section 2495, General Statutes of 1901, and complied in all other respect with its provisions. This was sufficient. ( *State v. Barrels of Liquors*, 47 N. H. 369 ; *The State v. Brennan's Liquors*, 25 Conn. 278 ; *Hine v. Belden*, 27 Conn. 384 ; *Johnson v. Williams*, 48 Vt. 565.)

Schnitzler and Robbins voluntarily appeared and claimed the property. No complaint can be made by them of want of notice on McManus or themselves. One who appears as a claimant of liquors cannot object that no notice has been given to others. ( *Commonwealth v. Certain Intoxicating Liquors*, 6 Allen [Mass.], 596.) Nor can one who has appeared and been admitted to prosecute his claim object, after judgment and forfeiture, to defects in the service of notice on him. ( *Commonwealth v. Certain Intoxicating Liquors*, 13 Allen [Mass.], 561 ; *The State v. Brennan's Liquors*, 25 Conn. 278 ; *The State v. Miller*, 48 Me. 576.)

It is contended by plaintiff in error that the law authorizing the condemnatory proceedings is unconstitutional and violative of section 1 of article 4 and article 14 of the constitution of the United States, as well as sections 1, 5, 10, 18 and 20 of the

bill of rights of the state of Kansas.   In just what
way this statute is in violation of such provisions, or
of any one of them, is not observable, and plaintiff in
error has not pointed the way to his conclusion.

It is also argued that before this property can be
seized, tried, condemned, and destroyed, there must
be a conviction of the person who unlawfully used
such property.   We do not agree with this conten-
tion.   Section 2493, General Statutes of 1901, reads:

"All places where intoxicating liquors are manu-
factured, sold, bartered or given away in violation of
law, or where persons are permitted to resort for the
purpose of drinking intoxicating liquors as a beverage,
or where intoxicating liquors are kept for sale, barter
or delivery in violation of the law, and all intoxicat-
ing liquors, bottles, glasses, kegs, pumps, bars and
other property kept in and used in maintaining such
a place, are hereby declared to be common nuisances;
and every person who maintains or assists in main-
taining such common nuisance shall be guilty of a
misdemeanor, and upon conviction shall be punished
by a fine of not less than one hundred dollars nor more
than five hundred dollars, and by imprisonment in the
county jail not less than than thirty days nor more
than six months, for each offense."

It will be observed that not only the place in which
such illegal business is carried on, but also all the in-
toxicating liquors, bottles, glasses, kegs, pumps, bars
and other property kept and used in maintaining such
a place, are declared common nuisances.

Section 2494, General Statutes of 1901, provides for
filing a complaint or information charging that the
place is kept or maintained as a common nuisance,
and for the issuance of the warrant for the arrest of
the keeper, and commanding the officer to whom it is
directed to search the place described in such com-
plaint or information, and seize and take into his cus-

tody all intoxicating liquors, etc., described in the information or complaint which he may find at such place, and safely keep the same, subject to the order of the court. Section 2495, General Statutes of 1901, reads:

"Whenever any intoxicating liquor or other property shall be seized under such a warrant, whether an arrest has been made or not, a notice shall issue within forty-eight hours after the return of the warrant, in the same manner as a summons, directed to the defendant or defendants in such action and to all persons claiming any interest in the intoxicating liquors or other property, and fixing a time and place at which all persons claiming any interest therein may appear and answer the complaint made against such intoxicating liquors or other property, and show cause, if any they have, why the same should not be adjudged forfeited and ordered destroyed. . . . At or before the time fixed by notice, any person claiming an interest in the intoxicating liquors or other property seized may file his answer in writing setting up his claim thereto, and shall thereupon be admitted as a party defendant to the proceedings against such liquor or other property. . . . A trial shall be had in a summary manner before the court of the allegations of the complaint or information against the liquors or other property seized ; and whether any answer shall be filed or not, it shall be the duty of the county attorney to appear and adduce evidence in support of such allegations."

Section 2496, General Statutes of 1901, reads:

"If the court shall find that said intoxicating liquors or other property, or any part thereof, were at the time the complaint or information was filed being used in maintaining a common nuisance, he shall adjudge forfeited so much thereof as he shall find was being so used, and shall order the officer in whose custody it is to publicly destroy the same."

By the plain and unmistakable provisions of these

sections, the property so kept and used is tried in a proceeding *in rem*, regardless of whether there has been an arrest or conviction of the person charged with maintaining such place. This is the practice in the courts of the United States, where goods have been forfeited for the non-payment of custom revenues. (*Origet v. United States*, 125 U. S. 240, 8 Sup. Ct. 846, 31 L. Ed. 743.)

It is claimed that, inasmuch as the language of the constitutional amendment only prohibits the manufacture and sale of intoxicating liquors, it is not within the power of the legislature, in an effort to enforce and make effective such amendment, to declare a place where intoxicating liquors are sold and kept for sale in violation of law, together with the property kept and used in maintaining such place, common nuisances. The purpose of the amendment was to enable the state, if it so desired, to pass such necessary and reasonable regulation as it might think proper to prohibit the use of intoxicating liquors as a beverage. The regulation of the sale and places where intoxicating liquors are sold has always been a subject of legislative and police control. Many states of the union have had such laws as the one in question in their statutes and have enforced them for the last half-century. Such provisions have always been upheld where they have observed the guaranteed rights of persons and property in providing notice of the seizure of the property, the means by which the owner is to be informed, when and where and before whom the warrant is to be returned, and afforded him an opportunity to defend his property. This statute observes these rights and has made sufficiently ample provisions for the protection of property. (*Hibbard v. The People*, 4 Mich. 125; *Fisher v. McGirr and others*, 1 Gray [Mass.], 1, 61 Am.

Dec. 381; *Sullivan v. City of Oneida*, 61 Ill. 242; *Jones v. Root*, 6 Gray [Mass.], 435.)

There are some other alleged errors, but they are not material. The provisions of the statute are ample to protect the owner of property in his rights, and were fully complied with in this proceeding.

The judgment of the court below is affirmed.

All the Justices concurring.