## CAMPBELL *v.* THE STATE OF INDIANA.

[No. 21,162.   Filed February 24, 1909.]

1.  ACTION.—*In Rem.*—*Intoxicating Liquors.*—*Destruction.*—An ac-
    tion for the destruction of contraband intoxicating liquors is *in
    rem,* and similar to a libel, and wholly distinct from a prosecu-
    tion for the unlawful keeping of such liquors. pp. 705, 707.
2.  INTOXICATING LIQUORS.—*Destruction.*—*Search-Warrants.*—*Crim-
    inal Law.*—*Statutes.*—Section 8338 Burns 1908, Acts 1907, p. 27,
    §2, providing for the issuance of search-warrants for the detec-
    tion of contraband liquor, is not in aid of the criminal law, but
    provides only for the destruction of such liquor. p. 706.
3.  SAME.— *Destruction.*—*Notice.*—*Appearance.*—Where contraband
    liquor is seized, under §8338 Burns 1908, Acts 1907, p. 27, §2, and
    a claimant thereof enters his appearance in the proceeding to de-
    stroy same, he cannot object to defects in, or an entire omission
    of, notice. p. 706.
4.  SAME.—*Destruction.*—*Procedure.*—*Statutes.*—Sections 8338-8350
    Burns 1908, Acts 1907, p. 27, §§2-14, providing for the seizure and
    destruction of contraband liquor, does not furnish a complete
    system of procedure, but the rules of civil actions apply, where
    such sections are incomplete. p. 707.
5.  SAME.— *Destruction.*— *Notice.*— *Constructive.*— The   notice re-

quired in proceedings for the destruction of contraband liquors is a question for the legislature, the constructive notice, by posting, provided for by §8342 Burns 1908, Acts 1907, p. 27, §6, being sufficient. p. 707.

6. COURTS.—*Jurisdiction.*—*Intoxicating Liquors.*—*Seizure.*—The filing of an affidavit for a search-warrant and the seizure of contraband liquor under the search-warrant issued thereon, give the court jurisdiction over the subject-matter of a proceeding to destroy such liquor. p. 708.

7. SAME.— *Jurisdiction.*— *Notice.*—*Appearance.*— *Intoxicating Liquors.*—A claimant of seized liquor, who appears and contests the proceedings for the destruction thereof, cannot be heard to complain of lack of notice. p. 708.

8. APPEAL.—*Motions to ·Dismiss and Quash.*—*Reasons.*—*Presumptions.*—The overruling of motions to quash an affidavit, and to dismiss the proceeding, in an action for the destruction of contraband liquor, where no reasons were set out in such motions, is presumed to be correct. p. 708.

9. CONSTITUTIONAL LAW.—*Due Process.*—*Jury Trial.*—Due process of law requires only that provision shall be made for notice in some form, and an opportunity to be heard, before some tribunal—not necessarily a court, or a jury. p. 708.

10. SAME.—*Intoxicating Liquors.*—*Destruction.*—*Statutes.*—*Jury.*— Section 8342 Burns 1908, Acts 1907, p. 27, §6, providing, among other things, that the court shall order contraband liquor to be destroyed, is not invalid because a jury trial is not provided for, since the proceeding is a special statutory one which did not exist at the common law at the time of the adoption of the Constitution. p. 709.

11. TRIAL.—*Burden of Proof.*—*Intoxicating Liquors.*—*Destruction.* —The State, in a proceeding for the destruction of contraband liquor, has the burden of proving by a preponderance only of the evidence that such liquor was kept for an unlawful purpose, and if there was no evidence in defense, a *prima facie* case would be sufficient. p. 709.

12. INTOXICATING LIQUORS. — *Destruction.* — *Evidence.* — Evidence showing that the claimant of seven boxes of bottled beer, seized under a search-warrant, was not licensed, that a street fair was in progress in a near-by town, that he attempted to conceal such liquor by getting it late at night and by carrying it by circuitous routes, coupled with other acts and declarations, supports a judgment that such liquor was kept for unlawful purposes. p. 709.

13. SAME.—*Destruction.*—*Judgment.*—*Prosecuting Attorney's Fee.* —The taxing of a fee for the prosecuting attorney in cases of the destruction of contraband liquor is erroneous. p. 710.

14. JUDGMENT.—*Motions to Modify.*—*Appeal.*—Where a judgment was erroneous, but no motion was made to modify same, no question thereon can be raised on appeal. p. 710.

From Noble Circuit Court; *Joseph W. Adair*, Judge.

Proceeding by The State of Indiana for the destruction of certain intoxicating liquor claimed by Charles Campbell. From a judgment ordering the destruction thereof, claimant appeals. *Affirmed.*

*R. P. Barr* and *L. W. Welker*, for appellant.

*Weir D. Carver, Luke H. Wrigley, Robert W. McBride, James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *H. M. Dowling,* for the State.

MYERS, J.—Action by the State under the act of February 13, 1907 (Acts 1907, p. 27, §8337 *et seq.* Burns 1908) for a search-warrant, instituted upon affidavit charging that appellant has in his possession, and at and in his outbuildings and dwelling-house situate on a described tract of land in Albion township, Noble county, Indiana, intoxicating liquors, which are being kept by him for the purpose of being sold and bartered away in less quantities than five gallons at a time to be used as a beverage, in violation of the laws of the State of Indiana, he having no license authorizing him to sell intoxicating liquors in less quantities than five gallons at a time to be used as a beverage at or in any place, and that such liquors are being kept in said place for the unlawful purposes set forth. Upon the filing of this affidavit before a justice of the peace, a warrant, accompanied by a copy of the affidavit, issued for the search of the premises, and taking into possession. The warrant was served on appellant, and search made, and seven boxes of bottled beer found on the premises, and taken possession of by the constable, and return made accordingly. This occurred in the early morning of September 12, 1907. At 1 o'clock p. m. of the same day appellant by his attorney appeared specially before the justice, and objected to the jurisdiction of the

court "over him, as there had been no warrant or other writ issued or served on him in this cause to appear in this cause, and asked that said cause be therefore dismissed for want of jurisdiction." The motion to dismiss was overruled, and the defendant entered "his appearance to this action, and to the affidavit filed on behalf of the plaintiff herein." A trial was had, and judgment rendered for the destruction of the liquors so seized, and for costs. Appellant appealed to the circuit court and filed his bond, which was approved, and the cause was certified to the circuit court, where on October 8, 1907, appellant by his attorneys entered "their appearance herein for said defendant in this cause; and said defendant now moves to quash the affidavit against him in this cause, and to dismiss the proceedings." This motion was overruled October 9, and appellant excepted. The cause came on for trial October 23, 1907, and appellant moved "for a trial of this cause by a jury," which motion was overruled. Upon trial in the circuit court the court found for the plaintiff and entered a decree for the destruction of the liquors, and for costs, and a fee of $7 to the prosecuting attorney.

Appellant filed his motion and causes for a new trial, in which he assigns error of the court in assuming jurisdiction of the defendant and of the cause, in refusing to dismiss the proceedings, in refusing to quash the affidavit, and in refusing to grant appellant a jury trial. Said motion also alleges that the decision and judgment are contrary to the law and contrary to the evidence. Other assignments are made that the judgment and decision are not fairly supported by the evidence, and are against the weight of the evidence.

Appellant presents first the point that no person can be deprived of his property without a judicial hearing after due notice, and that no degree of wrong or miscon-

1. duct can justify the forfeiture of property except in pursuance of some judicial procedure, in which the

owner has the right to be heard, and that forfeitures of property cannot be adjudged by legislative acts without judicial hearing after notice. We agree with the learned counsel as to this general proposition. The difficulty is that no such question is here presented. This proceeding is in the nature of a libel, a proceeding strictly *in rem*, and is entirely distinct from the offense prescribed by §§8337, 8339, *supra*. *Regadanz* v. *State* (1908), *ante*, 387, and cases cited; *Rose* v. *State* (1909), *ante*, 662, and cases cited.

Section 8338, *supra*, and the succeeding sections provide a system of procedure in cases where, as here, the action is against the thing. It will be observed that by

2. §8338, *supra*, the procedure is the same as in case of search-warrants "as now provided by law." Former statutes respecting search-warrants were simply in aid of the criminal law, in which destruction could only follow conviction of a criminal offense; but this act provides for the condemnation of the thing itself, and its destruction, without any other punishment as to its owner or possessor, than the destruction of the property or thing. Section 8338, *supra*, and the succeeding sections provide a system of procedure for the subject. By §8342, *supra*, it is provided that if no one is found in possession of the premises where such liquors are found, claiming ownership of said liquors and vessels, and if no one asserts or claims title to the same, the property shall be taken, and a copy of the warrant posted in a conspicuous place on the building or premises. A notice of the time for hearing shall also be posted. If at the time fixed no person or persons appear to claim such liquors, etc., they shall be ordered destroyed. One who enters his appearance as a claimant of the property cannot object

3. to defects in or omission of notice. *State* v. *Brennan's Liquors* (1856), 25 Conn. 278; *State* v. *Miller* (1859), 48 Me. 576; *State* v. *Learned* (1859), 47 Me. 426; *Commonwealth* v. *Certain Intoxicating Liquors* (1866), 13 Allen

(Mass.) 561; *Commonwealth* v. *Certain Intoxicating Liquors* (1863), 6 Allen (Mass.) 596.

This act is not very full as to the question of hearing, but it is not to be taken as standing alone and presenting a complete system, unconnected with other acknowl-

4. edged methods of procedure, but other statutes may be looked to. It is a statutory proceeding, governed by the rules of civil actions so far as applicable. *Rose* v. *State, supra; Humphries* v. *Davis* (1885), 100 Ind. 274, 50 Am. Rep. 788; *Crawfordsville, etc., Turnpike Co.* v. *Fletcher* (1885), 104 Ind. 97; *State Board, etc.,* v. *Holliday* (1898), 150 Ind. 216, 42 L. R. A. 826; *Conn* v. *Board, etc.* (1898), 151 Ind. 517.

The notice by posting provided is constructive notice, and is notice to all persons claiming an interest in the property.

The matter of notice in such cases is a legislative one,

5. and constructive notice is sufficient. *Regadanz* v. *State, supra; Murphy* v. *Beard* (1894), 138 Ind. 560; *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599; *Santo* v. *State* (1855), 2 Iowa 165, 63 Am. Dec. 487.

Such proceeding is entirely distinct from a prosecution against the person. *Regadanz* v. *State, supra; State* v. *Derry* (1908), *ante,* 18; *State* v. *McCann* (1873), 61

1. Me. 116; *State* v. *McManus* (1902), 65 Kan. 720, 70 Pac. 700; *State* v. *Miller, supra; State* v. *Learned, supra.*

It appears from the record that appellant' appeared specially before the justice, and objected to jurisdiction of his person, on the ground that no warrant or other writ had been issued or served on him, and asked to have the cause dismissed for want of jurisdiction. The motion was overruled, and then he entered a full appearance, and the cause was tried with him present. In the circuit court he did not renew that motion, but moved to quash the affidavit against him and to dismiss the proceedings. No warrant

or other writ was necessary to be issued for or served upon him under the statute, as it was not sought to punish him personally, as for a crime or misdemeanor, the action being directed against the property. The court was given

6. jurisdiction of the subject-matter by the filing of a proper complaint and seizure of the liquors themselves. *Commonwealth* v. *Certain Intoxicating Liquors* (1866), 13 Allen (Mass.) 561.

Appellant could not complain of want of notice to enable him to claim the property and contest the right of condemnation when he was present both in person and by

7. able counsel, and participated in the trial before the justice. Upon reaching the circuit court, he rested upon a motion to quash the affidavit and "dismiss the proceedings," and, no reason being disclosed in the mo-

8. tion or presented here for quashing the affidavit or dismissal, it must here be presumed that it was for some reason which did not furnish cause for quashing or dismissal.

Appellant's second point made, but not argued here, is that, where a party is charged with a crime or wrong, by which he is deprived of his property, he is entitled

9. to a trial by jury, and presumably its refusal is a denial of due process of law. Counsel are clearly in error in this position. Due process of law does not mean a trial by jury; due process of law requires only that provision shall be made for notice in some form, and an opportunity to be heard before some tribunal, not necessarily an organized court, nor before a jury. *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 18 L. R. A. 729; *Hovey* v. *Elliott* (1897), 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215; *Springer* v. *United States* (1880), 102 U. S. 586, 26 L. Ed. 253; *Kelly* v. *Pittsburgh* (1881), 104 U. S. 78, 26 L. Ed. 658; *Weimer* v. *Bunbury* (1874), 30 Mich. 201.

This is a statutory proceeding, and not a civil case under the common law when the Constitution was adopted, pro-

viding that the right to a jury trial shall remain inviolate, and so it has uniformly been held in this State that in statutory proceedings parties are not entitled to trial by jury as a constitutional right. *Baltimore, etc., R. Co.* v. *Ketring* (1890), 122 Ind. 5; *Powell* v. *Powell* (1885), 104 Ind. 18; *Lipes* v. *Hand* (1886), 104 Ind. 503; *Laverty* v. *State, ex rel.* (1887), 109 Ind. 217; *State* v. *Barrels of Liquor* (1867), 47 N. H. 369; *State* v. *Tufts* (1875), 56 N. H. 137.

The only other point presented is that the failure of the evidence upon any material question in issue is cause for reversal, and under this point it is claimed that the evidence does not support the judgment. It is earnestly insisted by the able counsel for appellant that there is no evidence that he intended to sell or barter the liquors.

It is possible that appellant's conduct, and attempted explanation of it, are consistent with a purpose to use it in his family, but this is not a criminal action as we have seen, and the State was only required to make out its case by a mere preponderance of the evidence. *Kirkland* v. *State* (1904), 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. 25. If there was no evidence in defense, a *prima facie* case would be sufficient. *State* v. *Intoxicating Liquors* (1886), 58 Vt. 594.

Appellant was not regularly engaged in the sale of liquors, and there is no direct evidence that he intended to sell or barter those seized; but taking all the facts and circumstances shown by the evidence—such as, that a street fair was in progress in a near-by town, an attempt to conceal the presence of the liquor by getting it late at night and going by circuitous lines of travel, passing by his own residence in going to the town, coupled with other acts, facts and declarations made by him, and those with him engaged in the same enterprise—we cannot say the court was not authorized to draw that inference. The cause was tried by an able and experienced judge, accustomed to the

sifting and weighing of evidence. He saw the witnesses and their demeanor, and was better able than this court can possibly be to determine the matters involved. We are called upon by appellant to weigh the evidence, which the established practice forbids, where there is any evidence in support of the issue, and there is evidence here upon all the questions presented.

The judgment was erroneous in taxing a fee of $7 for the prosecuting attorney, as costs can only be taxed as provided by the statute. *Nichols & Labour* v. *Polk County* (1889), 78 Iowa 137, 42 N. W. 627; *Garrett* v. *Polk County* (1889), 78 Iowa 108, 42 N. W. 618; *Byram* v. *Polk County* (1888), 76 Iowa 75, 40 N. W. 102; *Commonwealth* v. *Certain Intoxicating Liquors* (1860), 14 Gray (Mass.) 375; *Fay* v. *Barber* (1899), 72 Vt. 55, 47 Atl. 180.

There was no motion to correct or modify the judgment, and the question is not presented or urged here.

There is no reversible error in the record, and the judgment is affirmed.