STATE OF MAINE *vs.* CORNELIUS McCANN.

*Search and seizure.*

Upon a complaint in the form prescribed by statute alleging that intoxicating liquors were kept by the defendant for unlawful sale in a shop which is particularly described, a general verdict of guilty is sufficient.

That the officer proceeded illegally in making search for and seizure of the liquors so kept is no defense to the prosecution of the person keeping them.

In the prosecution against the person upon such complaint, it is immaterial what was done with the liquors; the proceedings are distinct.

ON EXCEPTIONS to the rulings of Symonds, J., of the superior court.

This was an appeal from the municipal court of the city of Portland upon a search and seizure process, on which certain liquors were seized and this defendant arrested as the keeper thereof. The search and seizure were made by the sheriff without a warrant, and subsequently a complaint was made by him for the purpose of obtaining a search warrant, alleging that the premises to be searched were a dwelling-house, "part of which was used as a shop or for purposes of traffic," and that intoxicating liquors were therein kept for unlawful sale by this defendant. A warrant was thereupon issued upon which the sheriff made return of the seizure and arrest. Upon his trial the respondent was found guilty and appealed. The judge, upon the trial in the superior court, instructed the jury that the search and seizure were authorized by R. S., c. 27, § 34, and that the proceedings under that section should be *in personam* as well as *in rem.*

The jury returned a general verdict of guilty, and the respondent's counsel moved in arrest of judgment, alleging as his reasons:

I. That the jury found a general verdict of guilty.

II. That the proceedings should have been solely *in rem*, and not *in personam.*

III. That the case finds that the search and seizure were made by the sheriff without a warrant.

The judge overruled the motion and the respondent excepted.

*H. M. Plaisted,* attorney-general, for the government.

*J. H. Williams,* for the respondent.

APPLETON, C. J. This is an appeal from the municipal court of Portland on a search and seizure process.

In *State* v. *Miller,* 48 Maine, 576, it was held after the liquors seized and the alleged keeper were brought before the magistrate issuing the warrant, that the proceedings against the person charged with the offense of keeping the liquors for unlawful sale, and against the liquors so kept, are separate and distinct, that they are to be treated as distinct cases, and that the judgment in one case does not affect that in the other.

In the case before us the defendant was on trial for having intoxicating liquors kept and deposited in a shop, and intended for sale in violation of law. Of this offense the jury found him guilty.

The jury found a general verdict. To this an exception is taken because it is not special. By R. S., c. 27, § 47, the jury are required to "find specially, under the direction of the court, on all facts necessary to determine the adjudication of the court." The complaint is in the form prescribed by the statute. It alleges that spirituous liquors were kept by the defendant in a shop, which is particularly described, for unlawful sale. The jury find the defendant guilty of the facts set forth in the complaint. No fact necessary for the determination of the court seems to be wanting.

It is objected that the seizure was illegal, the officer having proceeded to search without any warrant. Suppose it was so, that is no defense for the defendant's violation of law. If the sheriff has violated any law he is responsible for such violation, but that will not constitute any justification or excuse for the defendant.

The objection that the proceeding should have been solely *in rem* is not available. The proceedings originally were against the

person and the thing. A severance is made by law .and in the proceedings against the person, it is immaterial what has been done with the thing.

The jury have found the person charged guilty of a violation of law. No ruling material to the defendant and against law is perceived. *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.