JAMES E. RIGGS v. STATE OF NEBRASKA.

FILED MAY 7, 1909.  No. 15,912.

1. **Intoxicating Liquors:** STATUTES: CONSTRUCTION.  Sections 20, 21, and 22, ch. 50, Comp. St. 1907, provide for two separate lines of prosecution in the same case—one a criminal action for the keeping of intoxicating liquors for the purpose of unlawfully selling the same, and the other for the destruction of liquors found to have been kept for such unlawful purpose.

2. ——: DESTRUCTION: PROCEEDINGS IN ERROR.  When the examining magistrate is satisfied that the person charged is guilty of

the offense of keeping liquors for the purpose of unlawful sale, he shall hold the accused to the district court to answer said charge and enter an order for the destruction of the liquors, if any have been seized. In order to prevent such destruction, it is necessary for the accused to appeal from that order, which may be done without giving bond, although a recognizance is necessary to secure defendant's liberty pending the final disposition of said case.

3. ———: ———: VERDICT. On the trial of said case in the district court, the verdict of the jury should ordinarily be "guilty" or "not guilty" as the finding may be. If, however, the jury does not find from the evidence that all of the liquor seized was held by defendant for such unlawful purpose, they may state in their verdict of "guilty" the liquors unlawfully held by the defendant, and only such liquor will be subject to destruction upon the order of the district court.

4. ———: ———: HARMLESS ERROR. In a prosecution for keeping intoxicating liquors for the purpose of selling the same in violation of law, liquors of the value of about $2,000 were seized, some of which were in barrels and some in smaller vessels down to half pint bottles, there being 141 of such bottles. The jury found defendant guilty as he was charged in the second count in the information, "except as to the bulk liquors." The court ordered that the liquor in the half pint bottles and soda fountain bottles, stamped "Don't Care," should be destroyed, and the remainder in pint and quart bottles and in larger vessels should be returned to the owner, the proof as to all the liquor kept in the smaller vessels being the same. *Held*, That the error, if any, was without prejudice to defendant, and the judgment should be affirmed.

5. ———: KEEPING FOR UNLAWFUL SALE: VERDICT: EVIDENCE. On the trial the defense sought to prove that the liquors contained in the barrels and larger receptacles were kept for purposes of manufacture, and not for sale, but no evidence of the kind was offered as to the liquors in the small vessels and bottles. *Held*, That, as aided by the legal presumption contained in the statute, this was sufficient to sustain a verdict of guilty.

6. ———: CRIMINAL PROSECUTION: LIABILITY. The criminal prosecution was instituted against R. The proof showed that the business and stock belonged to the R. Pharmacy Company, of which R. was the principal and majority stockholder, president and general manager, and that he had charge of the business both in buying and selling, the remainder of the common stock being held by his wife and her sister. *Held*, That the prosecution against him could be maintained, and that there was no fatal variance between the allegations and the proofs.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE.  *Affirmed.*

*Halleck F. Rose* and *Wilmer B. Comstock,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

REESE, C. J.

This is a proceeding in error from the district court for Lancaster county. An information containing three counts was filed in that court, charging plaintiff in error with keeping for sale certain intoxicating liquors in violation of section 20 and following, ch. 50, Comp. St. 1907. The first count charged plaintiff in error with unlawfully keeping for sale certain malt and intoxicating liquors known as beer; the second count with keeping spirituous liquors for the unlawful purpose; and the third count with keeping for the same purpose certain vinous liquors. The proceeding was instituted in the police court of the city of Lincoln, and upon search a quantity of liquors of the value of about $2,000 was seized. Upon a hearing in that court the finding was that probable cause exixsted, and the plaintiff in error was held to appear before the district court. A trial was had in that court, which resulted in a verdict finding plaintiff in error not guilty of the charges contained in the first and third counts, and guilty of the charges contained in the second count. The verdict was in the following form, omitting the title of the case: "We, the jury, duly impaneled and sworn in the above entitled cause, do find the defendant not guilty as he stands charged on the first and third counts, and guilty as he stands charged in the second count, except as to the bulk liquors." A motion for a new trial was filed, which, upon being overruled, judgment was rendered upon the verdict imposing a fine of $300. It

25

was ordered that the chief of police, in whose possession the liquors were held, "destroy the whiskies put up in half pint bottles and soda fountain bottles, stamped 'Don't Care,'" and that he return to plaintiff in error the other liquors taken from him. The liquors seized consisted of a number of barrels and half barrels of brandy, whiskey, etc., 141 half pint bottles of whiskey, and between 700 and 800 bottles of various sizes containing more than one half pint of different kinds of liquors. The 141 half pint bottles of whiskey were ordered destroyed.

Two questions are presented for decision. It is contended by plaintiff in error, first, "that the evidence is not sufficient to sustain a conviction"; and, second, "that the verdict is too indefinite and uncertain to sustain the judgment of the court, and that the verdict is void for uncertainty."

Consulting our own convenience, we will investigate the second contention first. It is contended that the language of the verdict, "except as to the bulk liquors," is too indefinite and uncertain to warrant the entry of a judgment thereon; that there is nothing in the verdict which designates what liquors are intended by the word "bulk"; that the quantity contained in each receptacle furnishes no guide; and that the ruling or order of the district court selecting those of the smallest quantity was simply substituting the opinion of the judge for that of the jury, and that the law does not clothe the court with power or authority to "guess" at what the jury meant, they having furnished no basis for the "guess" or the judgment of the court. There can be no doubt that the verdict is somewhat indefinite as to the quantity of liquors unlawfully held by defendant, and one is led to wonder why it was received in that form. However, it is before us and the question presented asks for solution.

The sections of the statute under which the prosecution in this case was instituted contain a dual penalty. It is provided by section 20 that "it shall be unlawful for any person to keep for the purpose of sale without license

any malt, spirituous, or vinous liquors, * * * and any person or persons who shall be found in possession of any intoxicating liquors in this state, with the intention of disposing of the same without license in violation of this chapter, shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined or imprisoned as provided in section eleven" of the chapter. A violation of section 11 renders the offender liable to a fine of not less than $100, nor more than $500, or imprisonment in the county jail. The result of the two sections is that the keeping of the prohibited liquors for sale without a license is a misdemeanor for which the penalties prescribed in section 11 may be imposed. Section 20 also provides for the search of the premises where the liquors are supposed to be kept, and their seizure, if found. Section 21 provides for the examination before the magistrate before whom the warrant is returnable, and, if such magistrate is satisfied that the accused had the liquors for the purpose of unlawful sale, the defendant shall be held for trial at the next term of the district court and the liquors shall be ordered destroyed, but "the defendant may appeal from said order to the district court, in which case the liquors shall abide the result of the trial of the defendant in the district court, and if there convicted he shall be fined or imprisoned as in this chapter provided in the discretion of the court, and the court shall further order said liquors destroyed as if the appeal herein provided for had not been taken." By the provisions of these sections, it will be seen that, if the accused is held to bail for his appearance before the district court, the liquors will be destroyed unless he appeals from the order requiring their destruction. In case he does so appeal, the order is suspended until after his trial. If acquitted, it is annulled. If convicted, a new order will be entered. In effect there are two cases pending, one depending upon the result in the other. Upon the return of a verdict of guilty, the order for the destruction of such liquors as were unlawfully kept for sale

must follow, but we are satisfied that the court should exclude from its order such of the liquors as the jury found were not unlawfully held by the defendant. Upon a general verdict of guilty as the defendant is charged in any one or more counts in the information, the order would be for the destruction of all the liquors therein described. If the verdict, however, either by specific description or words of exclusion, establishes that some of the liquors were not unlawfully held by defendant at the time the warrant was served, then as a matter of course defendant would be entitled to an order directing that such liquors be turned over to him.

It is claimed that the exception in the verdict is so indefinite that the court could not lawfully order any of the liquor destroyed or fine defendant for the possession thereof. The court, however, assumed that the words of exclusion applied to all of the liquor seized other than that contained in the half pint bottles and those labeled "Don't Care." Said bottles included the smallest containers seized by the officer under the writ, and thereby gave defendant the benefit of every doubt that might be conjured from the language employed. " 'Bulk' is said to be that which is neither counted, weighed, nor measured." 1 Words and Phrases, p. 903. In our judgment the court should have ordered all of the intoxicating liquors contained in the sealed bottles destroyed, and that only the liquor in the larger receptacles was exempt under the verdict of the jury. The error, however, was without prejudice to defendant. But what effect could this error of the court have upon the judgment imposing the fine? We cannot see that it would have any, since section 20, as above quoted, makes the keeping of "*any*" liquors for unlawful sale an independent substantive offense, declaring it to be "a misdemeanor" with fine or imprisonment as the punishment. We therefore hold that the verdict of guilty furnished a sufficient basis for the imposition of the fine if upon examination the evidence is found sufficient to sustain such verdict.

As to the contention that the evidence is not sufficient to sustain a conviction, an examination of the bill of exceptions satisfies us that the contention of counsel for plaintiff in error cannot be sustained. Were it not for the provisions contained in section 20, ch. 50, Comp. St. 1907, the question presented would be a serious one, the solution of which would probably require a reversal of the judgment of the district court. That section contains the provision that "the possession of any of said liquors shall be presumptive evidence of a violation of this chapter and subject the person to the fine prescribed in section eleven, unless after examination he shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose." This clause has been under consideration by this court· a number of times with invariably the same result. In *Durfee v. State*, 53 Neb 214, we held that the possession of liquors by the accused is presumptive evidence of guilt in the district court, as well as before the examining magistrate, unless the accused shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose, and that the effect of the statute "was to cast the burden upon the person having intoxicating liquors in his possession to establish that they were not kept for sale in violation of law." This was followed by a similar holding in *Peterson v. State*, 63 Neb. 251; *Steinkuhler v. State*, 77 Neb. 331, and *Yeoman v. State*, 81 Neb. 252.

The testimony shows that a large quantity of prohibited liquors were found in plaintiff in error's place of business. Some of said liquors were in barrels, some in half barrels, and a great quantity in smaller vessels down to the 141 half pint bottles hereinbefore referred to. Considerable of evidence was introduced upon the defense for the purpose of showing that the business of plaintiff in error was that of a manufacturing pharmacist and druggist, and that the said liquors were kept in stock for use in manufacturing medicines, elixirs, extracts, etc.,

but was not kept for the purpose of illegal sale. This evidence cannot be applied to the liquors kept in small sealed bottles such as described. A manufacturing concern of the grade and extent of plaintiff in error's business and trade cannot be presumed to keep and maintain its stock of supplies in that way. Moreover, there was no evidence submitted by which it was sought to prove that fact. Those smaller vessels seem to have been practically lost sight of on the trial. It is true that plaintiff in error established the fact that prior and up to the 10th day of May, 1907, he had a druggist's permit to sell intoxicating liquors for the purposes specified in said permit. It was contended by him that the greater part of the liquors were purchased by and delivered to him during the existence of said permit, and that what liquors he purchased shortly before the expiration of his permit were purchased in the expectation that a new permit would be granted him from the date of the expiration of his then existing permit until the end of the year, which would be in April, 1908, but that the permit for 1907-1908 was refused, and he was left with the liquors on hand, which he refused to sell after the expiration of his permit. The evidence shows, however, that quite large consignments were received by him after the expiration of the permit expiring May 10, 1907, and it is claimed that they were stored in the basement of the drug store of plaintiff in error to be used for legitimate purposes, but not for unlawful sale. The evidence did not show any specific sales of spirituous liquors after the expiration of the 1906-1907 permit. While the prosecution must assume the burden of proving beyond a reasonable doubt that the liquors were in the possession of the accused, the proof of that fact casts the burden upon him to prove that they were not kept for the purpose of unlawful sale. It was within the province of the jury to consider all the facts shown by the evidence as tending to throw light upon the purpose for which the liquors were kept, and in so doing would necessarily have to consider

the manner in which the liquors were stored and kept. They could not close their eyes, as sensible and intelligent men, to the great number of small bottles, such as would be used in retail trade, found in the possession of plaintiff in error. To say that such bottled quantities were kept for manufacturing purposes would be to question the intelligence of the jury. The fact that none of that class had been sold, while tending to show an observance of the law, would not necessarily overcome the legal presumption that the *purpose* for which they were kept was unlawful. This was a question alone for the jury to consider.

It is further contended that the conviction cannot stand for the reason that the proof showed that the liquors were the property of the Riggs Pharmacy Company, and not of plaintiff in error. The evidence was conclusive that plaintiff in error was the owner of a majority of the stock of the company; that he was its president and general manager, had charge of its business, made contracts and purchases, and was the sole responsible person in charge and possession of the liquors as well as the general business of the house. His wife and her sister were with him the owners of all the common stock which controlled the business, all of which was under his constant care and supervision. This could not exonerate him.

It follows that the judgment of the district court should be, and hereby is,

AFFIRMED.

ROSE, J., not sitting.