STATE *vs.* MICHAEL FISH.

NOVEMBER 14, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   After conviction on a criminal complaint for a second violation of the Sherwood Act, so-called, General Laws, 1923, Chap. 127, defendant came to this court with 168 exceptions.   Many of them now are not

pressed. Those that are insisted upon may be grouped into errors alleged to have been made in (1) the admission or exclusion of evidence; (2) the attitude of the court toward defendant and his counsel; (3) the charge to the jury, and (4) the denial of defendant's motion for a new trial.

Defendant and his wife owned a parcel of land 40 x 149 feet at 1848 Westminster street in Providence. On the front portion of the lot was a building, the lower floor of which was occupied by two stores, one being a furniture store operated by defendant. The second floor of the building was unoccupied. A 2-room cottage and a barn were on the rear of the lot. They were reached by a driveway alongside the store. The cellar of the cottage consisted of two rooms between which there was no connection. One of them was reached from inside the cottage; the other, a storage place, was accessible only through an outside bulkhead which was padlocked. This entrance was a few feet from the back door of the store. The key was in possession of defendant. One Therien, a tenant of defendant, occupied the cottage.

On July 18, 1927, the Deputy Chief of Police of Providence procured search warrants for the storage cellar in the cottage and the second floor of the store building.

On July 23, officers went to the premises to serve both warrants, observed defendant leave the back door of the furniture store carrying one or more bottles, enter the bulkhead door by use of a key, bring from the cellar two bottles filled with liquid, and return with them to the store. He came out and again went to the cellar. A search of the cellar then disclosed the presence of a large quantity of liquor having an alcoholic content exceeding that permitted by the Sherwood Act. One of the officers says defendant said the liquor "all belongs to me." Defendant at the trial denied all knowledge that any liquor was there. Search of the building in which the store was located disclosed no intoxicating liquors and return to this effect was made upon the warrant for the search of that building. As required by

law, defendant was given a receipt for the liquors seized under the first warrant. The property described in the receipt was identical with the list on the return.

Both search warrants were returned to court on July 29. On that date a claim for the liquor was filed by defendant's present attorney on behalf of Therien as owner but the claim was not pressed and the liquors later were declared forfeited.

Taking up the alleged errors in the admission of evidence, the first is that the State was allowed to introduce the search warrant covering the building in which no intoxicating liquor was found. Defendant claims that a search warrant even when liquors are found is inadmissible and that this warrant was for premises entirely disconnected with those where the liquor was seized. He bases his contention on *State* v. *Collins*, 28 R. I. 439, in which the statement appears that a search warrant "would not have been even admissible in evidence against the defendant." In that case liquor had been seized under a search warrant and the language quoted must be read in connection with the question which the court was discussing. It was answering defendant's contention that a search warrant and return was the best evidence to prove what was found rather than the testimony of the searching officer. The court ruled against defendant's contention, using the language above 'quoted. The case is not an authority that a search warrant is inadmissible for any purpose. The State may properly show by the warrant the right of a raiding officer to be upon the premises and make the seizure. Defendant made no objection in the present case to the introduction of the search warrant covering the cottage cellar where liquor was found. The second warrant with its return showing no liquors found (to which objection was made) was not for a search of unrelated premises. Entrances to the two buildings were in close proximity. The search of the building on the front of the lot was a part of a single procedure against two buildings believed to be in use connectedly to violate the Sherwood Act. Both warrants were in the officers' posses-

sion when they went to the premises at 1848 Westminster street. It was neither error nor prejudicial to admit the warrant.

The next error asserted is that the court should have sustained defendant's exception to, and granted his motion to strike out the testimony of a police officer, that one of the seized bottles in evidence, Exhibit 12, contained "home brew beer"; that the two bottles defendant brought from the cellar were "full of beer" and that the officer saw two men in the furniture store "drinking beer," "real beer," one from a glass, the other from a bottle similar to the bottles defendant brought from the cellar. Defendant's objection was based on the claim that the officer could not have known with the required certainty to warrant testifying as above what the liquid was which was in the exhibit or being consumed. The seized liquor by chemical analysis prior to and at the trial indisputably was shown to be of illegal alcoholic content. The nature of the liquid being consumed in the store was of small value on the issue being tried, viz., whether defendant was the possessor of the seized liquor in the celler. Men were drinking in defendant's store, from a bottle similar to those seized. This evidence was proper, to show the setting at the time of the search. What they were drinking was not of great importance nor strongly probative of the only vital issue in the case. Nor does it follow that the officer had no basis for characterizing as beer that which the two men were drinking. He did not pretend to testify concerning its alcoholic content. He characterized it as beer, from "its smell." We see no error here. One familiar with the characteristics of whiskey may, without having made a chemical analysis, identify a liquid as such from observation, *State* v. *Hirtle*, 47 R. I. 371, or from a sense of smell. *Marschall* v. *Laughran*, 47 Ill. App. 29; 22 C. J. 554. Cf. *King* v. *Ohio Valley Ins. Co.*, 212 Ky. 770 (gasoline). The distinctive smell of beer, warrants application of the same rule. Evidence derived from one's senses may be worth much or little according to circumstances. Its

weight is for the jury. Possibility of error does not render it inadmissible. No prejudice was suffered by the denial of defendant's motion to strike out.

The next error asserted is the allowance by the court of a copy of the receipt, Exhibit 21, for the liquor seized. This occurred when the State asked defendant for the original receipt and met with no response. One of defendant's contentions had been that no seized objects could properly be put in evidence unless they were set forth on the return on the warrant and the receipt given to defendant at the time of the seizure. In this the court sustained defendant. Later when a copy of the receipt was offered, defendant objected because of a failure to account for the original. When asked to produce the original defendant correctly asserted that he could not be compelled to do so. Defendant's contention that his rights were violated by the State's request is unsound. The State's demand was not that he be compelled to produce the original. The State sought to use a copy if defendant failed to produce the original. When absence of an original document has been accounted for a copy may be used. Such accounting is made if the document was last seen in the hands of the accused. Admission of a carbon copy creates no prejudice against a defendant who is called upon to produce the original and fails to do so. Underhill on Crim. Evid. 3rd ed. § 95; *Com.* v. *Porter*, 237 Mass. 1. Defendant's further objection that Exhibit 21 was inadmissible in any event because it did not tend to prove any violation of the law needs no discussion. It is only a list of the same articles which are shown to have been seized under the search warrant, Exhibit 1, which already was in evidence without objection. It could not have been prejudicial.

Defendant's next objection is to the allowance of testimony given by Assistant Attorney-General Fischer concerning what he told Therien. Fischer was the attorney trying the State's case. He was called to the stand by defendant after an officer with a summons for Therien on

behalf of defendant had testified of his inability to locate Therien on that day. Defendant brought out that Fischer did not know where Therien then was; that Therien had been under summons for the State, had talked with Fischer that morning and been excused by him. Defendant plainly intended to leave the inference that the State was a party to Therien's unavailability in order to prevent his use as a witness for defendant. When Fischer desired to testify that he explained to Therien that, while the State would not use him as a witness, the defendant might wish to do so and that he should see defendant's attorney, defendant objected to the evidence because he was not present at the conversation. The testimony was admitted. Defendant had opened the door to such testimony by asking if Fischer had not told Therien that he would not be needed. The Assistant Attorney-General was entitled to clear himself from the imputation that he was attempting to keep from the court and jury a material witness. It may be noted that the court later adjourned early in the afternoon for the especial purpose of giving defendant an opportunity to find Therien after defendant's counsel had been given in open court by the Assistant Attorney-General such knowledge as he possessed of Therien's working place.

The second group of exceptions is based on the contention that defendant's counsel had a right to be heard as to the grounds upon which he made particular objection to testimony. We have said before in *Schafer* v. *Thurston Mfg. Co.*, 48 R. I. 244, that the conduct of a trial is within the sound discretion of the justice presiding and whether or not he will allow counsel, either before the jury or in its absence, to argue his reasons for objection to the evidence is a matter for exercise of that discretion. We find no abuse of the discretion here. An examination of the record discloses that defendant objected many times to the admissibility of evidence upon which there could be no serious question and though the court declined to permit defendant's counsel to make arguments, defendant's rights were fully protected by granting him an exception.

Another group of errors is asserted to exist in the charge. We have carefully examined it. The objection that it refers to testimony at greater length on behalf of the State than on behalf of defendant is not a legitimate ground of complaint. If the testimony was to be referred to at all it was inevitable that such would be the case because the only witness for defendant was himself and his testimony was a denial of all knowledge of the presence or ownership of the liquor. The court may properly refer to testimony and is only required to do so fairly and not to express its own views on the facts. *State* v. *Gallogly,* 47 R. I. 483. The objection to that portion of the charge relating to possession is without merit. When referring to possession the court was referring to possession in violation of the terms of the Sherwood Act. A single sentence may not be seized upon apart from its context to show an incorrect statement of law in the judge's charge. Nor was it prejudicial error to tell the jury that the court could not direct a verdict except to acquit. This admittedly is a sound proposition of law. Defendant had moved for direction of acquittal and the court explained that it could not itself determine the case when the evidence was conflicting. The court made plain to the jury that the evidence relating to the facts was conflicting and its province was to determine where the truth lay. There was nothing in the charge indicative of the court's opinion on the facts.

The exception relating to the denial of defendant's motion for a new trial needs no discussion. The defence was a denial of possession, ownership or knowledge of the presence of the liquor upon the premises searched. The evidence of defendant's guilt was overwhelming. He plainly had been convicted of a former violation of the Sherwood Act and the verdict of guilty of a second offence was warranted by the evidence. The motion for a new trial was properly denied.

All the exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

SWEENEY, J., dissenting. I am constrained to dissent from the opinion of the court because I believe that defendant's exceptions to the admission of the testimony noted below should be sustained and that he should be granted a new trial.

It appears in the record that after Officer Crowley had testified that he found defendant in a small cellar under a cottage in the rear of 1848 Westminster street and had seized the intoxicating liquors and beer found there, and had arrested the defendant, he went into defendant's furniture store to telephone to the police station. The officer was then asked by the assistant attorney-general: "Q. What did you see in there? A. Two men drinking beer." Defendant moved that the answer be stricken out. The motion was denied and exception noted. The officer then testified that one of the men was drinking out of a glass and the other out of a bottle. He was then asked: "Q. And do you know it was beer? A. Yes. Q. Real beer? A. Yes." Defendant's exception was noted to these questions. In my opinion the quoted testimony was clearly incompetent. When the officer entered the store he did not know from whom or how the men had obtained what they were drinking nor what they were drinking. He was merely giving his opinion, as to what they were drinking, without any basis therefor. The testimony was also immaterial and irrelevant because defendant was not being tried for the sale or possession of liquors in his furniture store but only for the possession of the liquors found in the cellar beneath the cottage. By cross-examining the witness upon the subject of the foregoing questions, defendant did not waive his exceptions thereto. § 5038, G. L. 1923. The trial justice exphasized the effect of this inadmissible testimony in his charge to the jury when he said: "there was something about two men seen drinking some beer in the back of the store, when the officer went to telephone."

Defendant objected to the admission of a search warrant under authority of which a search for intoxicating liquors

was made of the floor above his furniture store. The admission of the search warrant was contrary to the holding of this court in *State* v. *Collins*, 28 R. I. 439, where it was held that a search warrant was not admissible in evidence against a defendant charged with unlawfully keeping intoxicating liquors for sale. Besides, defendant was not named as the owner or keeper of the place to be searched and the warrant was not issued against him. It stated that the intoxicating liquors were possessed by " one John Doe a further description to the complainant unknown the owner and keeper thereof."

When the officer seized the liquors found in the cellar he gave defendant a receipt for them. At the trial defendant was requested by the assistant attorney-general to produce the receipt. He declined to do so and the State introduced in evidence a duplicate of the receipt over defendant's objection. The receipt was signed by the officer and not by the defendant. It stated that the liquor was taken from defendant by the officer. This was a self-serving statement made by the officer and was incompetent evidence against defendant.

I believe that the admission of the testimony referred to was erroneous and prejudicial to the rights of the defendant to be tried according to " the law of the land" and that he should be granted a new trial.

MR. JUSTICE STEARNS concurs in the dissenting opinion of MR. JUSTICE SWEENEY.

*Charles P. Sisson, Atty.-General, Sigmund W. Fischer, Jr., Asst. Atty.-General,* for State.
*Peter W. McKiernan, John C. Going,* for defendant.