STATE *vs.* PERRY ACKERMAN.

JANUARY 10, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   This case, commenced on a complaint and warrant from the Sixth District Court, went to the Superior Court for a jury trial.   Defendant was charged with illegal possession of intoxicating liquors to be used for beverage purposes.   After conviction defendant came to this court with many exceptions.   Those pressed relate to alleged errors in the charge, alleged erroneous rulings admitting or rejecting evidence, some of which are claimed to have unduly restricted defendant's right of cross-examination, and alleged error in the refusal of the court to grant a new trial on the ground that the verdict was against the evidence.

Defendant takes nothing by the exception to refusal to grant a new trial.   No evidence was offered to contradict

the State's case which was proven beyond any doubt. We find no undue restriction upon defendant's right of cross-examination.

The trial in the Superior Court took place prior to the recent decision of *State* v. *Fish*, 49 R. I. 397, 143 Atl. 604. Several of the questions raised were the same as in the Fish case and so far as there considered need no further discussion. Defendant, however, urged new grounds for exclusion from evidence of the search-warrant and particularly objected to that portion of the court's charge wherein he told the jury that the warrant, and all that it contained, was before the jury in its "entirety".

The search-warrant was issued at the instance of the chief of police in Providence. It authorized the search of certain premises for intoxicating liquors of which defendant was alleged to be the owner and keeper. The officer's return on the back of the warrant showed that pursuant thereto sundry liquors were seized; that analyses showed a specific percentage of alcoholic content in excess of that permitted by the Sherwood act; that Ackerman as the owner named in the warrant was summoned to appear in the Sixth District Court and show cause if any he had why said liquors should not be adjudged forfeited to the State. The warrant bore an indorsement that no one claimed ownership of the seized liquor described in the return and that it was declared forfeited by the Sixth District Court.

Defendant at the trial, and again before us, asserted the inadmissibility of the search-warrant relying, as we pointed out in the Fish case, on an erroneous application of language used in *State* v. *Collins*, 28 R. I. 439. Now however recognizing that a search-warrant is admissible he urges that because he did not question the lawfulness of the officer's entry proof of this by the warrant was not requisite to the State's case, consequently was improper and prejudicial by reason of other statements thereon. The record does not show that defendant admitted anything. Defendant's counsel stated that he objected to admission of the warrant

"excepting for one purpose" and later stated "this search-warrant is not evidence and the only purpose in bringing it here is to show the authority of the police to enter. It can not be used as evidence." If this be an admission that the officers were lawfully making a search and seizure, the best that it can be called is an argumentative one. Careful reading of the entire record clearly shows that defendant insisted upon proof by the State of every element of its case. The right to search and seize was properly shown by the search-warrant itself. *State* v. *Fish, supra.*

Assuming, however, that defendant's language may be interpreted as an admission that the raiding officers lawfully entered upon the premises, defendant could not by making it, deprive the State of the right to prove this fact; such admission could not render evidence inadmissible which otherwise would have been admissible. *Com.* v. *Miller,* 3 Cush. 243; *Com.* v. *McCarthy,* 119 Mass. 354; *People* v. *Fredericks,* 106 Cal. 554; *State* v. *Winter,* 72 Iowa, 627; *Oregon* v. *Young,* 52 Ore. 227; 1 Wharton Crim. Evid. 10th ed. § 24 c. The court is not bound to allow evidence of admitted facts. In the interest of expediting a trial it may exercise a reasonable discretion as to how far proof of admitted facts ought to be received. *Trogdon* v. *State,* 133 Ind. 1. This discretion is the court's, however, and defendant's counsel may not compel the State to accept the admission and forego the use of evidence to prove the fact admitted. There was no error in the refusal of the court to rule out the warrant on the ground that defendant had admitted all that could legitimately be shown thereby.

Defendant next attacks the admissibility of the search-warrant on a ground not claimed in the *Fish* case, viz., that the admission of the warrant deprives him of his constitutional right, Art. I, Sec. 10, "to be confronted with the witnesses against him." Defendant's argument is that the complaint of the police officer to the judge of the district court who issued the warrant was by admission of the warrant as an exhibit made a part of the case against

defendant and that defendant was deprived of his rights because he had no opportunity to confront such officer or magistrate for purposes of cross-examination. In taking this position defendant misconceives his right of confrontation and confuses the nature of the proceedings under the search-warrant with those on which defendant was tried.

Confrontation is not an absolute right of defendant applicable to any and all evidence. It is given in order that defendant may have the opportunity to cross-examine and the jury have the benefit of demeanor evidence. Wigmore on Evidence, 2d ed., Vol. 3, § 1395 sqq. If cross-examination concerning the basis for issuance of an official record is not permissible, the reason for confrontation and the right to it do not exist. *State* v. *Narcarm*, 69 N. H. 237; *Mares* v. *State*, 71 Tex. Cr. Rep. 303; *State* v. *Bartlett*, 47 Me. 396; *Tucker* v. *People*, 122 Ill. 583. The constitutional provision for confrontation like that for jury trial merely states a general right without enumerating cases to which it is inapplicable. Wigmore, § 1397. This court has already recognized the admissibility of testimony without confrontation and discussed the right to confront in *State* v. *Waldron*, 16 R. I. 191 (reputation); *State* v. *Murphy*, 16 R. I. 528; *State* v. *Jeswell*, 22 R. I. 136 (dying declarations). It is also generally recognized that when documentary evidence of collateral facts is the best evidence confrontation of the author of the document is not required. *Dowdell* v. *U. S.*, 221 U. S. 325; *Sokell* v. *People*, 212 Ill. 238. 16 C. J. 837, § 2113, n. 54, states the rule: "The constitutional guaranty to persons accused of crime that they shall be confronted with the witnesses against them is not applicable to the proof of facts in their nature essentially and purely documentary and which can be proved only by the original or by a copy officially authenticated in some way." For these reasons the warrant was admissible in evidence to show a preliminary step in the present case against defendant, *Cohen* v. *U. S.*, 214 Fed. 23, without production of the participants in proceedings attending its issuance. *Rushing*

v. *State*, 135 Ga. 224; *Meador* v. *State*, 44 Tex. Cr. Rep. 468; 16 C. J. 741, n. 23

We have referred to defendant's error in identifying the search and seizure proceedings with those upon which he was on trial. The former were entirely distinct though preliminary to the present case. *State* v. *Intoxicating Liquors*, 53 Utah, 171; *Riggs* v. *State*, 84 Neb. 335; *State* v. *Miller*, 48 Me. 576; *State* v. *McCann*, 61 Me. 116; *Regadanz* v. *State*, 171 Ind. 387. They were *in rem*. 33 C. J. 684, § 387. Therein no personal charge was made against defendant and he did nothing to identify himself with any illegality; he made no claim to the liquor seized. Nor could the warrant or anything appearing in it prove defendant's guilt in this case. *People* v. *Fryer*, 266 Ill. 216. The warrant only asserted the presence of intoxicating liquors and authorized a search of certain premises in possession of defendant and the return showed that such liquors were there found.

Defendant asserts, however, that since the return showing analysis was on the warrant and must have been hearsay, the entire warrant should have been ruled out and that the court's statement that the warrant was before the jury in its entirety was prejudicial. Cases are suggested where objectionable and unobjectionable matters in a writing are so intertwined that they can not be separated and for this reason the court exercises a discretion to withhold a document from the jury lest defendant be prejudiced. There is no analogy between the present case and one where a complaint tried in a lower court bears the endorsement of that court's decision and hence is kept from the jury on appeal to a higher court. The purpose of keeping the information of the conviction in the lower court away from the jury is to prevent its being biased by the decision of the lower court without knowledge of what evidence was before that court. From this search-warrant and its return the only information to be obtained by the jury is that certain liquor alleged to be in defendant's possession was seized,

that analysis showed its alcoholic content, that defendant got a receipt therefor but made no claim of ownership or rightful possession. Such knowledge was not prejudicial to this defendant because that relating to alcoholic content was independently established by a chemist, who was not disputed. When objection to the warrant was made on the ground of partial inadmissibility the court said that it saw no way of separating portions of the warrant, *Patterson* v. *State*, 8 Ala. App. 420, and defendant did not ask to have an attempt made to do so; neither did he ask that any charge be given relative thereto. If the court's attention had been directed to any statements in the warrant which defendant deemed capable of misconstruction or prejudice to him and desired the court to caution the jury in regard to the force of the warrant as evidence, such charge might properly have been given. No such situation, however, arose. Defendant's attempt in the lower court was to keep the whole not parts of the warrant from the jury. This he was not entitled to do.

Every fact essential to the State's case was clearly and definitely established by oral testimony, undisputed. As there was no error in the admission of the warrant the court's reference to it as before the jury in its "entirety" was both technically correct and, even without qualifying explanations, was harmless to defendant. His rights were fully protected and nothing in the record indicates that the warrant or anything upon it either was or may have been misunderstood by the jury as proof of any issue or corroboration of the undisputed oral testimony.

All exceptions of defendant are overruled. The case is remitted to the Superior Court for further proceedings.

STEARNS, J., dissenting. I think the defendant is entitled to have a new trial because of prejudicial errors in the admission of evidence and in the charge to the jury.

The first witness called by the State was an assistant clerk of the Sixth District Court. On direct examination she was asked to produce a search-warrant issued from said

court September 13, 1927, and the return thereon made on September 17. Question 7, in direct examination is, "What is your final entry on that?" (referring to the search-warrant). The defense objected to this question on the ground that all of the entries on the warrant and return could not be used as evidence against the defendant and claimed that they could properly be used to show only the authority to enter and search the premises and the return of the officer's doings. The court said: "I have allowed the search-warrant, the disposition of it in the district court, the return of the officer upon it and all those things to be entered. If I allow them to enter the search-warrant as evidence, it is evidence and is evidence of everything that is on it. I don't know how to distinguish between a part of it and the whole of it. I am going to allow it and allow her to read anything on it and you have a perfect right to contradict anything that she reads." Defendant's objection was overruled and the witness then read the following entry which had been made on the search-warrant after the return: "Sep 23 1927 No one appearing to claim owner-ship in the liquor and utensils described in the within return, the same are declared forfeited to the State of Rhode Island." Counsel for defence then moved to exclude the question and answer. This motion was denied and excep-tion to this ruling was taken. Included in the officer's return in addition to the usual statements was the following entry: "Analysis whiskey 44.75%; whiskey 44.75%; whis-key 52.10%." This statement of analysis presumably was obtained from the report of Albert Fenner, State Assayer of Liquors. Fenner testified that he made the assay of samples of the seized liquors on the 20th of September. The officer's return was made September 17. Just how a report of an analysis made three days later could be made in the return does not appear. G. L. 1923, C. 332, s. 25, provide that every officer to whom a writ shall be delivered shall execute the mandates therein and make return of his doings thereon.

In *Sheldon, Jr.* v. *Comstock*, 3 R. I. 84, it was held that "An officer's return on process of every kind should state that he has performed what the mandatory part of the process required of him. It should contain a statement of the acts which he has done under and by virtue of it, and the place and the time when and where they were done. His office is simply ministerial. . . . If more be added, although it may not vitiate the return, it will not be considered as part of it. The facts essential to a return are taken as conclusively proved, if stated in it, except in those cases where express provision to the contrary is made by statute, and except in suits against the officer making it for a false return. The return of the officer is the only proper evidence to prove those facts. If other facts are contained in the return, they are to be rejected. The officer's return is no proper evidence of their truth." The analysis was not a proper part of the return and should have been rejected.

The seizure and condemnation of intoxicating liquors are proceedings *in rem* for the purpose of securing a forfeiture against the liquors. In *State* v. *Seymour*, 46 R. I. 257, at 261, this court says: "A charge *in rem* is distinct and independent from a charge *in personam*, and judgment in one case could not affect the judgment to be entered in the other." The decision of the court of forfeiture of the liquors and utensils, as appears by the entry of September 23 on the warrant, could not properly affect the defendant in the trial of the complaint issued September 30, 1927, on which he was tried and found guilty. The submission to the jury of these two entries as evidence against the defendant was improper and prejudicial to defendant.

In his charge to the jury the justice said: "The evidence in this case, and you are the ones to consider the truth of the evidence, . . . the evidence here is that these police officers . . . went up to the back of this place on Pine street with a search-warrant which is in evidence and will be before you. It has been discussed in part by the State and I have ruled that it is before you in its entirety

and is one of the exhibits in this case." The justice by his charge thus affirmed his previous ruling that every entry on the warrant and return was evidence to be considered by the jury. This ruling was erroneous on a vital issue of the case and must have been prejudicial to the defendant. It is quite probable that the defendant is guilty of the offence charged. But, whether defendant was in fact guilty or innocent, considering the provisions of Section 14, Article I, of the State Constitution, that every man is presumed innocent until he is pronounced guilty by the law, I am forced to the conclusion that to sustain this conviction would result in denying to the defendant the rights guaranteed to him by the Constitution. I think a new trial should be directed by this court.

SWEENEY, J., concurs in the dissenting opinion of STEARNS, J.; and for the additional reason that the search-warrant was not admissible in evidence against defendant as expressly decided in State v. Collins, 28 R. I. 439.