## Bunch and Piece Sales

SCRAGG, Deputy Attorney General, March 30, 1943. —You have asked to be advised on two questions: (1) Whether the sale of vegetables in bunch form and not marked as to net weight or numerical count, and (2) whether a sale of various cuts of meat, bacon, hams, bologna, or meat products by the piece and not marked as to net weight, constitutes a violation of the Act of

July 24, 1913, P. L. 965, as variously amended, 76 PS §241 et seq., usually referred to as the Commodity Acts".

Section 1 of the said act reads:

". . . The word 'commodity', as used in this act, shall be taken to mean any tangible personal property sold or offered for sale."

Section 2 of the said act provides:

". . . All dry commodities, when sold in bulk or from bulk, shall be sold by weight, dry measure or numerical count."

The act in section 2 limits its applicability to sales in bulk or from bulk. Most vegetables are sold by dry measure or weight, and in all such cases the sale is subject to the provisions of the act in question, which in section 6, as amended, 76 PS §246, enumerates a long list [1] of vegetables sold by the bushel and prescribes the required weight of the bushel of the commodity when so sold unless sold in standard Pennsylvania containers which are the original packages and filled in accordance with good commercial practice. With none of these vegetables are we concerned.

However, certain other vegetables are commonly and customarily sold by the bunch, as celery, radishes, asparagus, lettuce, water cress, etc. "Bulk" has been defined to be "that which is neither counted, weighed nor measured". Riggs v. State, 84 Neb. 335, 121 N. W. 588, 590.

The practice of selling certain vegetables by the bunch has grown up by custom. The purchaser is not concerned with the weight or dry measure, but rather with the physical size of the bunch and the appearance thereof as to freshness and desirability.

The Act of May 28, 1937, P. L. 1007, 76 PS §441 et seq., is entitled in part "regulating the weights and

---

[1] Beans, beets, cabbage, carrots, lentils, onions, parsnips, peas, potatoes, rutabagas, spinach, turnips, tomatoes, etc.

measures in the sale or offering for sale of fruits and vegetables in this Commonwealth''. Section 2 of the act reads as follows:

"Hereafter it shall be lawful for any person, co-partnership, association or corporation to sell or offer for sale at wholesale or retail in this Commonwealth, fruits and vegetables in original unbroken standard containers, as herein defined, but sales in such original unbroken standard containers shall be lawful only if there shall appear thereon a plain and conspicuous statement showing correctly the quantity of fruits and vegetables contained therein in terms of weight, measure in cubical content, or numerical count, and only if the containers shall have been filled or packed in accordance with good commercial practice. If the contents of an original standard container are broken for resale at wholesale or retail, *or if fruits and vegetables are sold in any other manner than in original unbroken standard containers, then such sales shall be lawful only if made by weight or numerical count and in no other manner whatever.* It shall be unlawful for any person, copartnership, association or corporation to sell or offer for sale, at retail, any fruits or vegetables the weight of which is less than that represented." (Italics supplied.)

If the provision in this law with regard to sales by numerical count is to be given any reasonable effect, it must be construed to permit under the limitations of the Act of July 24, 1913, supra, sales in bunches. The numerical count sales of an article such as parsley, otherwise than by the bunch, demonstrates the fallacy of any other conclusion. The sale of vegetables not mentioned in section 6 of the Act of July 24, 1913, P. L. 965, 76 PS §246, above referred to, by the bunch would therefore be sale by numerical count and would not constitute a violation of the acts.

Your second question is whether it is a violation of the provisions of said act, as amended, to sell various

cuts of meat, bacon, hams, bologna and meat products by the piece and not marked as to net weight. We understand from your inquiry that sale by the piece of meat, bacon, hams, bologna or meat products is not a sale in package form, because if it is a sale in package form the weight must be marked on the wrapper. The present case concerns a seller who cuts meat into pieces and offers the pieces for sale without any information to the purchaser as to its weight.

Meat is a dry commodity under the definition of "commodity" in section 2 of the act, supra, and as such must be sold by weight, dry measure, or numerical count if sold in bulk or from bulk. Customarily meat is sold by weight, so that the sale of meat is a sale from bulk as that term is previously defined. In our case there is no uniformity of weight or size of the various pieces. The size and weight depend entirely on the act of the seller in preparing the pieces. The clear intent of the legislature was to protect the purchasing public, so far as possible, against dealers' sharp practices which resulted in excessive profits from short weight or short measure sales. In conformity with and in order to carry out this intent we must conclude that the sale of meat, bacon, ham, bologna, and meat products by the piece without any notation of weight does not comply with the requirements of section 2 of the act in question, and constitutes a violation of the provisions of the Act of July 24, 1913, P. L. 965, 76 PS §242.

Therefore, it is our opinion and you are accordingly advised that the sale of certain vegetables not mentioned in section 6 of the Act of July 24, 1913, P. L. 965, 76 PS §246, in bunch form and not marked as to weight or count, is not a sale in violation of the provisions of the Commodity Act of July 24, 1913, P. L. 965. Further, you are advised that the sale of various pieces of meat, bacon, ham, bologna, and meat products without any notation of weight is not a sale by weight,

dry measure, or numerical count, and is forbidden by and therefore a violation of the Act of July 24, 1913, P. L. 965, as amended, 76 PS §241 et seq.